**In re Petition for DISCIPLINARY ACTION AGAINST Alan J. ALBRECHT, an Attorney at Law of the State of Minnesota.**

No. C3–97–356.

Supreme Court of Minnesota.

July 2, 1997.

## ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Alan J. Albrecht, who has previously been admonished on three occasions, has committed professional misconduct now warranting public discipline, namely a pattern of delay and lack of cooperation with the Director in investigation of complaints, neglect of and noncommunication with clients regarding matters entrusted to him, and failure to deposit a retainer in his trust account, conduct similar to conduct for which he has been admonished; and

WHEREAS, respondent waives his right to answer and unconditionally admits the allegations of the petition, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and supervised probation for a period of 2 years on the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation. During the term of the probation, should respondent fail to respond to any request, upon the Director's filing of an affidavit with the court to that effect, [on] order of the court, respondent shall automatically be suspended from the practice of law for a period of 90 days and thereafter be required to petition for reinstatement pursuant to Rule 18, RLPR.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day and fifteenth day of each month provide the Director with an inventory of active client files described in paragraph d, below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per month. Respondent shall submit to the supervisor an inventory of all active client files by the first day and fifteenth day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least monthly, or at such other intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within thirty days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested; and

WHEREAS, this court has independently reviewed the record and agrees that the recommended disposition, although generous in light of respondent's pattern of misconduct, will enable the Director to promptly and effectively deal with any future noncooperation during the period of probation,

IT IS HEREBY ORDERED that respondent Alan J. Albrecht is publicly reprimanded and is placed on supervised probation for 2 years on the agreed-to conditions set out above. Respondent shall pay to the Director $900 in costs, as agreed to in the stipulation.

BY THE COURT:

/s/ Alan C. Page

Alan C. Page

Associate Justice