In re Petition for DISCIPLINARY ACTION AGAINST Alan J. ALBRECHT, an Attorney at Law of the State of Minnesota.

No. C3–97–356.

Supreme Court of Minnesota.

Jan. 15, 1998.

**In re MINNESOTA SILICONE IMPLANT LITIGATION.**

No. C7–93–1405.

Supreme Court of Minnesota.

Dec. 31, 1997.

*ORDER*

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed

an affidavit requesting that respondent Alan J. Albrecht, who is currently on supervised probation, be suspended for failure to comply with the terms of his probation, namely failure to promptly respond to correspondence from the Director's office; and

WHEREAS, respondent filed an affidavit in opposition to the Director's request and the parties were directed to file briefs and appear for oral argument regarding the matter; and

WHEREAS, prior to the oral argument scheduled in this matter, the parties entered into a stipulation waiving the argument, acknowledging that respondent is currently receiving treatment from a psychologist for depression, and jointly recommending that respondent be suspended from the practice of law for a period of 45 days pursuant to Rule 15, Rules on Lawyers Professional Responsibility (RLPR); that the reinstatement hearing provided for in Rule 18, RLPR, be waived; that within one year of the date of this court's order, respondent successfully complete the professional responsibility portion of the state bar examination; that respondent is to comply with Rule 26, RLPR; and that respondent pay $900 in costs and that he be reinstated on expiration of the suspension period provided that:

i. Prior to reinstatement, respondent undergo a mental health evaluation by a psychiatrist acceptable to the Director for the purpose of determining whether medication should be included in the treatment of respondent's depression; and

ii. At least 15 days before the expiration of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and the Director's office establishing that respondent is current with Continuing Legal Education, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court in its decision; and

WHEREAS, the parties agree that upon reinstatement respondent be placed on supervised probation for a period of 2 years on the following conditions:

i. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate fully with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation. During the term of the probation, should respondent fail to respond to any request for information from the Director by the date set forth in the request, upon the Director's filing of an affidavit with the court to that effect and order of the court, respondent shall automatically be suspended from the practice of law for a period of 90 days and thereafter be required to petition for reinstatement pursuant to Rule 18, RLPR.

ii. Respondent shall abide by the Minnesota Rules of Professional Conduct.

iii. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Until a supervisor has signed a consent to supervise, the respondent shall on the first day and fifteenth day of each month provide the Director with an inventory of active client files described in paragraph [iv], below. Respondent shall make active client files available to the Director upon request.

iv. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per month. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least monthly; or at such other intervals as may reasonably be requested by the Director.

v. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

vi. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

vii. Respondent shall continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, shall complete all therapy programs recommended by the therapist, and shall continue with all medications and therapy programs proscribed by a psychiatrist; and

WHEREAS, this court agrees with the recommended disposition of this matter,

IT IS HEREBY ORDERED that respondent Alan J. Albrecht is suspended for 45 days, effective 15 days from the date of this order, subject to the jointly recommended conditions set out above for his suspension and for any reinstatement. The Director is awarded costs and disbursements in the amount of $900.

BY THE COURT:

/s/ Alan C. Page
Alan C. Page
Associate Justice