In re Petition for DISCIPLINARY ACTION AGAINST Alan J. ALBRECHT, an Attorney at Law of the State of Minnesota.

No. C3–97–356.

Supreme Court of Minnesota.

April 14, 1998.

## *ORDER*

WHEREAS, respondent Alan J. Albrecht was suspended from the practice of law, *In Re Disciplinary Action Against Albrecht,* 573 N.W.2d 89 (Minn.1998); and

WHEREAS, upon respondent's petition for reinstatement, the Director of the Office of Lawyers Professional Responsibility filed a petition for discipline, alleging failure to diligently pursue matters entrusted to him in regard to seven clients and failure to timely pay a judgment against his firm, of which he was the sole shareholder; and

WHEREAS, the Director and respondent entered into a stipulation regarding this petition wherein respondent waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations of the petition and in which the Director and respondent jointly recommend respondent's immediate reinstatement to practice and placement on 4 years' supervised probation subject to the following conditions:

a.   Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date.   Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention.   Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.   During the term of the probation, should respondent fail to respond to any request, upon the Director's filing of an affidavit with the court to that effect, and order of the court, respondent shall automatically be suspended from the practice of law for a period of 90 days and thereafter be required to petition for reinstatement pursuant to Rule 18, RLPR.

b.   Respondent shall abide by the Minnesota Rules of Professional Conduct.

c.   Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation.   Until a supervisor has signed a consent to supervise, the respondent shall on the first day and fifteenth day of each month provide the Director with an inventory of active client files described in paragraph d, below.   Respondent shall make active client files available to the Director upon request.

d.   Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation.   Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per month.   Respondent shall submit to the supervisor an inventory of all

active client files by the first day and fifteenth day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least monthly, or at such other intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, shall complete all therapy programs recommended by the therapist, and shall continue with all medications and therapy programs proscribed by a psychiatrist.

h. Any time after 2 years of the probation have been completed, respondent may request the Director to terminate the probation. The Director may either terminate the probation or continue it until its scheduled completion, in the Director's sole and unfettered discretion, and

WHEREAS, subsequent to the filing of the stipulation, the Director filed a supplementary petition for discipline that he subsequently withdrew, requesting that the court act on the stipulation; and

WHEREAS, this court has independently reviewed the record and approves the jointly recommended disposition,

IT IS HEREBY ORDERED that respondent Alan J. Albrecht is immediately reinstated to the practice of law and is placed on supervised probation for a period of 4 years on the jointly recommended conditions set out above.

BY THE COURT:

/s/ Alan C. Page

Alan C. Page
Associate Justice