In re Petition for DISCIPLINARY AC-
TION AGAINST Alan J. ALBRECHT,
an Attorney at Law of the State of
Minnesota.

No. C3–97–356.

Supreme Court of Minnesota.

May 15, 2003.

Kenneth L. Jorgenson, Director, Patrick R. Burns, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for Petitioner.

Matthew J. Franken, Rebecca Egge Moos, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Respondent.

## OPINION

PER CURIAM.

By order dated January 9, 1998, Alan J. Albrecht was suspended from the practice of law for 45 days. Albrecht was re-admitted to the practice of law on April 14, 1998. As part of his re-admission, Albrecht was required to, among other things, satisfactorily complete four years of supervised probation. On October 10, 2001, pursuant to Rule 12(a), Rules on Lawyers Professional Responsibility (RLPR), the Director of the Office of Lawyers Professional Responsibility (Director) served on Albrecht and filed with this court a petition for revocation of probation alleging professional misconduct in three client matters. On May 28, 2002, Renville County District Court Judge Randall J. Slieter, acting as

referee, held a hearing on the petition. The referee issued his findings of fact, conclusions of law, and recommendation for discipline on July 15, 2002. Based on his findings and conclusions, the referee recommended that Albrecht serve an additional two years on supervised probation subject to the same terms and conditions that were set forth in this court's April 14, 1998, order re-admitting Albrecht to the practice of law in Minnesota.

■ The Director ordered a transcript of the referee proceedings pursuant to Rule 14(e), RLPR and, thus, the referee's findings and conclusions are not conclusive.[1] The Director challenges findings 3, 15, 19, 20, 22, 23, 25, and 26, conclusions 4 and 7, and the recommendation for discipline. The Director recommends that Albrecht be suspended from the practice of law for a minimum of one year. In response, Albrecht argues that the referee's findings and conclusions are not clearly erroneous and that a one-year suspension would not serve the policies underlying attorney discipline.

### I.

Albrecht was admitted to practice law in Minnesota in 1988 and has been a solo practitioner since the mid–1990s. In 1993, Albrecht received the first of nine admonitions from the Office of Lawyers Professional Responsibility. In addition, Albrecht has been the subject of public discipline three times. The first admonition was for negotiating checks that were not payable to him and for failing to properly deposit checks into his trust account.

Albrecht was admonished twice in 1994 for making misleading statements to clients. He was admonished twice more in 1997 for overbilling and for failing to cooperate with the Director's investigation.

In July of 1997, Albrecht stipulated to a public reprimand and two years of supervised probation. *In re Albrecht,* 565 N.W.2d 704, 705 (Minn.1997). The reprimand was based on a pattern of failing to cooperate with the Director, neglecting client matters, non-communication with clients, and failing to deposit a retainer in a trust account as required. *Id.* at 704. As part of the stipulation, Albrecht was required to regularly review his files, be supervised by another attorney, complete legal matters on a timely basis, set up appropriate office procedures, cooperate with the Director's office in its efforts to monitor compliance with probation, and abide by the Minnesota Rules of Professional Conduct (MRPC). *Id.* at 705.

Albrecht stipulated to further discipline in January and again in April of 1998. *In re Albrecht,* 573 N.W.2d 89 (Minn.1998); *In re Albrecht,* 577 N.W.2d 712 (Minn. 1998). In January 1998, Albrecht stipulated to a 45–day suspension for failing to promptly respond to correspondence from the Director, in violation of his probation. *In re Albrecht,* 573 N.W.2d at 90. The stipulation provided that, on re-admission, Albrecht was required to provide the Director's office with a written plan to ensure compliance with his probation, provide progress reports as requested, and continue his current mental health treatment, medication, and therapy programs, in addition to the probation requirements

---

**1.** Rule 14(e), RLPR, provides that:

The referee shall make findings of fact, conclusions, and recommendations, file them with this Court, and notify the respondent and the Director of them. Unless the respondent or Director, within ten days, orders a transcript and so notifies this Court, the findings of fact and conclusions shall be conclusive. If either the respondent or the Director so orders a transcript, then none of the findings of fact or conclusions shall be conclusive, and either party may challenge any findings of fact or conclusions.

set forth in the July 1997 stipulation. *Id.* at 90–91. The April stipulation was based on Albrecht's failure to diligently pursue the matters of seven clients and failure to timely pay a judgment against his firm. *In re Albrecht,* 577 N.W.2d at 712. As part of the April stipulation, Albrecht was reinstated to the practice of law and placed on an additional four years of supervised probation. *Id.* at 713. The terms of the probation were essentially the same as those set forth in the January 1998 disciplinary matter. *See id.* at 712–13. Albrecht acquired a new supervisor in July 1998.

After the April 1998 discipline, Albrecht was admonished four more times. He was admonished twice in 1999, once for failing to pay a court reporter for services provided, and once for failing to promptly return an unused retainer. He was admonished in 2000 for prejudicing the administration of justice by leaving an opposing counsel with the impression that he was representing a client at trial, when he was not. Finally, Albrecht was admonished in 2001 for making false statements to a client in order to collect fees.

On December 26, 2001, the Director filed the instant petition alleging that Albrecht engaged in misconduct in matters involving three clients: Arnovich, Raatz, and Christopherson.[2] The Arnovich matter involved Albrecht's failure to provide a timely response to the Minnesota Department of Human Rights (MDHR) in an employment-discrimination matter. As a result, the MDHR dismissed Arnovich's complaint. Albrecht subsequently commenced a civil action on Arnovich's behalf, but took no other action between the summer of 1999 and September of 2000, when

Arnovich terminated Albrecht's services. The referee concluded that there was clear and convincing evidence that Albrecht's conduct in the Arnovich matter violated Rules 1.3 and 1.4, MRPC. The Director does not challenge the referee's findings and conclusions with respect to the Arnovich matter.

In the Raatz matter, Albrecht filed an untimely appeal of a district court order with the court of appeals. The court of appeals dismissed the untimely appeal. Albrecht did not inform Raatz that the appeal had been filed or that the court of appeals dismissed the appeal. Subsequent to the dismissal of the appeal, Albrecht recommended that Raatz commence a second lawsuit involving essentially the same issues that had been finally resolved as the result of the court of appeals' dismissal of the untimely appeal. The subsequent lawsuit was dismissed with prejudice based on res judicata and collateral estoppel by the district court, which also awarded attorney fees against Albrecht. The referee found that Albrecht did not keep Raatz reasonably informed and did not act with reasonable diligence in representing Raatz. Thus, the referee found that Albrecht violated Rules 1.3 and 1.4, MRPC. The referee also found, however, that on the facts presented he could not conclude that the second lawsuit was frivolous. The referee did not find any violations with respect to Rules 1.1, 3.1, 8.1(a)(1), or 8.4(c), MRPC. Finally, the referee noted that he was "confident that necessary changes in [Albrecht's] practice will eliminate the repeat of the timing issue that led to the dismissal of the [Raatz] appeal."

In the Christopherson matter, Christopherson sought Albrecht's assistance in an

**2.** Christopherson was one of the seven clients referred to in this court's April 14, 1998, order reinstating Albrecht to the practice of law. The misconduct alleged in the instant

petition occurred while the earlier disciplinary matter was pending, but did not come to light until after the court's April 14 order.

employment-based age-discrimination case. Albrecht was initially retained by Christopherson in June of 1996. In the stipulation that led to this court's April 14, 1998, order reinstating Albrecht to the practice of law, Albrecht admitted that he had neglected Christopherson's employment matter and that the statute of limitations on her claim against her former employer had run no later than June 7, 1997. At no time, either before or after he was disciplined for his neglect in the Christopherson matter, did Albrecht inform Christopherson that the statute of limitations on her claim had run.

Notwithstanding the fact that the statute of limitations had expired, Albrecht arranged for Christopherson to come to his office and sign a pro se complaint that he had drafted and that was ultimately served on Christopherson's former employer. Although it is not clear when Albrecht drafted the complaint, it is clear that Christopherson came to his office to sign it during the time that Albrecht was suspended from the practice of law.

With respect to this employment-discrimination claim, the referee found that Christopherson's testimony was not credible and that it was not clear from the evidence when Albrecht drafted the complaint or whether he practiced law during a period in which he was suspended from the practice of law. The referee nonetheless found that Albrecht failed to keep Christopherson reasonably informed about the status of her matter, failed to promptly reply to her requests for information, and failed to act with reasonable diligence and promptness in representing her. He thus found a violation of Rule 1.4, MRPC. He specifically found no violations of Rules 1.1, 3.1, 4.1, 5.5, or 8.4(c), MRPC.

While finding that Albrecht violated Rule 1.3, MRPC, in the Arnovich and Raatz matters and Rule 1.4, MRPC, in the Arnovich, Raatz, and Christopherson matters, the referee also found that Albrecht's misconduct was mitigated as a result of supervision "that he is currently participating in" and that the existence of a medical condition, sleep apnea, contributed to the disciplinary matters. With respect to Albrecht's previous discipline, the referee found that disciplinary history was not an aggravating factor because there were mitigating circumstances surrounding each previous discipline. Based on his findings and conclusions, the referee recommended that Albrecht serve an additional two years of supervised probation subject to the same terms and conditions set forth in this court's April 14, 1998, order re-admitting Albrecht to the practice of law.

## II.

The purpose of attorney discipline is not to punish the attorney, but rather to protect the public, the courts, the legal profession, and the administration of justice. *In re Shaughnessy,* 467 N.W.2d 620, 621–22 (Minn.1991). This court defers to the referee's findings on disputed facts and will not reverse those findings and conclusions unless clearly erroneous. *In re Westby,* 639 N.W.2d 358, 367 (Minn. 2002). We also consider the attorney's disciplinary history, especially when the discipline is for misconduct similar to present violations because an attorney is expected to show a "renewed commitment" to professional ethics after being disciplined. *In re Milloy,* 571 N.W.2d 39, 45–46 (Minn.1997). "A finding in previous disciplinary proceedings that a lawyer committed conduct warranting discipline is, in proceedings under these Rules, conclusive evidence that the lawyer committed the conduct." Rule 19(b)(3), RLPR. In addition, we consider any other aggravating or mitigating factors. *In re Milloy,* 571 N.W.2d at 45. While the court looks

to other discipline cases for guidance in the current matter, each case is decided individually based on its facts. *In re Geiger*, 621 N.W.2d 16, 23 (Minn.2001).

### III.

The Director asserts that the referee committed clear error in failing to find that the second Raatz lawsuit violated Rule 3.1, MRPC, in finding that Albrecht's sleep apnea was a mitigating factor, in finding that Albrecht's misconduct is mitigated by the fact that he is on probation, and in failing to consider Albrecht's disciplinary history as an aggravating factor. Finally, the Director asserts that the discipline recommended by the referee is insufficient to guard the administration of justice, to protect the court, the legal profession, and the public, and to deter similar misconduct. We will address the Director's claims in that order.

### A. The Second Raatz Lawsuit

■ As for the Director's claim that the referee erred with respect to the second Raatz lawsuit, Rule 3.1, MRPC, provides:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

The second Raatz lawsuit named the same defendants and sought the same relief as the first Raatz lawsuit. The district court dismissed the second lawsuit on the basis of collateral estoppel and res judicata. In doing so, it awarded attorney fees as a Rule 11 sanction against Albrecht and specifically found that the suit was brought for the purpose of harassing the defendants, was not supported by existing law or a good-faith argument for the extension, modification, or reversal of existing law,

and that Albrecht did not have an objectively reasonable basis for bringing the suit. The court of appeals, after concluding that the claims presented in the second lawsuit were identical to those in the first lawsuit, affirmed in all respects. *Raatz v. Koerner*, No. C3–00–1194, 2001 WL 69473, at *2–3 (Minn.App. Jan.30, 2001). The court of appeals also affirmed the district court's decision to award attorney fees against Albrecht. *Id.* at *4. The referee indicated without explanation that he would not find that the lawsuit was frivolous. Given the district court's findings and award of sanctions and the court of appeals' affirmance of the district court, we conclude that the referee's finding that there was no violation of Rule 3.1, MRPC, is clearly erroneous. While a court of appeals' affirmance of a district court's award of sanctions based on findings that a lawsuit was brought without good faith or for purposes of harassment will not always automatically result in a violation of Rule 3.1, it will be the rare case that does not. This is not the rare case.

### B. Sleep Apnea

■ We have held that when a mental or physical disability is put forward as a mitigating factor the attorney must show by clear and convincing evidence that he or she has the disability, the disability caused the misconduct, the attorney is undergoing treatment for the disability and making progress in recovery, the recovery has halted the misconduct, and the misconduct is not likely to reoccur. *In re Merlin*, 572 N.W.2d 737, 741 (Minn.1998).

Here, the referee relied on the testimony of Dr. Theodore M. Berman to conclude that Albrecht's sleep apnea mitigated his misconduct. Dr. Berman testified that Albrecht had severe sleep apnea, symptoms of which include daytime hypersomnia, impairment of memory and attention to de-

tail, and lack of concentration. Dr. Berman further testified that the allegations of misconduct by Albrecht, such as failing to follow through and failing to return phone calls, are consistent with the effects of sleep apnea. There was also evidence presented at the hearing that, at the time of the hearing, Albrecht was being treated for sleep apnea. Thus, there was evidence before the referee that would permit the finding that Albrecht suffers from sleep apnea, that the symptoms of sleep apnea could result in Albrecht missing dates, failing to return calls, and sleepiness during the day, and that Albrecht was undergoing treatment for the sleep apnea at the time of the hearing. Other than Albrecht's own testimony, however, there is no evidence in the record to support a finding that Albrecht was making progress in his recovery from sleep apnea. Further, there is no evidence that the recovery has halted the misconduct or that the misconduct is unlikely to recur. Because there is no evidence that would support such findings, we conclude that the referee's findings and conclusions that Albrecht's sleep apnea is a mitigating circumstance are clearly erroneous.

## C. Disciplinary History

■ Finally, the Director argues that the referee's failure to consider Albrecht's disciplinary history as an aggravating factor was clearly erroneous. We agree. Although the referee found that Albrecht had been previously disciplined, he further found that "there are separate mitigating circumstances surrounding those such that such evidence does not demonstrate a substantial aggravating factor to the current violations." As discussed above, Albrecht has been admonished nine times and publicly disciplined three times since 1993. The public discipline has included supervised probation and a 45-day suspension. The fact that his previous misconduct may have been, as the referee found, "a result of * * * disciplinary actions against his partner and former associate, and * * * a lack of mentoring" does not make that misconduct any less serious. Albrecht's current misconduct is strikingly similar to the conduct for which he has been disciplined in the past. Based on our review of the record in this case and Albrecht's disciplinary history, we conclude that the referee's finding that Albrecht's previous misconduct is not an aggravating factor is clearly erroneous.

■ Moreover, we conclude that the referee's conclusion that "the Respondent's conduct is substantially mitigated as a result of the supervision that he is currently participating in" is also clearly erroneous. In *In re Milloy*, we made it clear that this court looks closely at previous misconduct, especially when the current misconduct occurs while an attorney is on probation. 571 N.W.2d at 45–46. We noted that " 'for probation to be successful, it must result in renewed commitment to ethical and professional behavior.' " *Id.* at 46 (quoting *In re Munns*, 475 N.W.2d 82, 85 (Minn.1991)). Engaging in misconduct while on probation similar to that for which he had been previously disciplined indicates that Albrecht has failed to show a renewed commitment to professional ethics. Further, the mere fact that he now has a new supervisor in place and has instituted procedures and practices that may help him avoid future misconduct does not mean that his current misconduct is mitigated. Therefore, we view his disciplinary history as an aggravating factor.

## IV.

■ When determining the discipline to be imposed for attorney misconduct, this court accords great deference to the referee's recommendations for discipline, but retains final responsibility for determining the appropriate discipline. *In re Kaszynski*, 620 N.W.2d 708, 713 (Minn.

2001). "In determining the appropriate discipline, we consider the nature of the [attorney's] misconduct, the cumulative weight of the rule violations, the harm to the public, and the harm to the legal profession." *In re Terrazas*, 581 N.W.2d 841, 845 (Minn.1998).

The referee recommended that Albrecht's supervised probation be extended two years, subject to the same terms and conditions set forth in this court's April 14, 1998, order. The Director, after recommending a three-year suspension before the referee, now recommends that Albrecht be suspended for one year. We conclude that the appropriate discipline, on the facts presented, is a 90–day suspension, plus an additional two years of supervised probation. Accordingly, we order that:

(1) respondent Alan J. Albrecht is hereby suspended from the practice of law for 90 days commencing 14 days from the date of this order;

(2) respondent comply with the requirements of Rule 26, RLPR;

(3) upon reinstatement, respondent be placed on supervised probation for a period of two years, subject to all of the conditions set forth in this court's order reinstating respondent to the practice of law dated April 14, 1998;

(4) within one year of the date of this order, respondent successfully complete such written examination as required for admission to the practice of law by the state board of law examiners on the subject of professional responsibility; and

(5) respondent shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24 RLPR.

So ordered.