In re Petition for DISCIPLINARY AC-
TION AGAINST Mark J. FREIDSON,
an Attorney at Law of the State of
Minnesota.

No. C4–88–1170.

Supreme Court of Minnesota.

July 6, 1988.

## ORDER

After the Director of the Office of Lawyers Professional Responsibility had filed with this court a petition alleging that the respondent Mark J. Freidson had violated the rules of conduct governing Minnesota lawyers to the extent that public discipline was appropriate, the Director and the respondent entered into a stipulation. By the terms of the stipulation, the respondent generally admitted the allegations of the petition. Those allegations can be summarized by stating that respondent had been retained in 1978 to pursue a wrongful death action arising as a result of the death of her son. Approximately two years later respondent commenced a lawsuit against named defendants. Several months later respondent received answers and interrogatories together with request for production of documents, medical reports, etc. Respondent failed to notify his client of the receipt of these discovery requests nor did he elicit cooperation in preparing answers to them. Opposing counsel contacted respondent approximately 18 months later requesting answers to the discovery documents. The respondent ignored the request. In 1983, one of the defendants' attorneys served respondent a motion to compel answers to the discovery requests. One year later that motion was renewed. Upon its renewal, respondent agreed to dismiss with prejudice his client's complaint against that defendant. Respondent neither sought his client's permission to dismiss nor did he inform her that he had done so. In the fall of 1984, the attorney for another defendant sought to have the matter stricken from the trial calendar. An assignment clerk from the Ramsey County District Court sent respondent a letter informing him that the court would enter an order striking that lawsuit unless the court heard from respondent. Respondent took no action whereupon the case was removed from the active trial calendar. In the spring of 1985, the client contacted respondent regarding the status of her suit. At that time respondent failed to inform her that he dismissed with prejudice her case against one defendant, and that the suit against the other had been stricken from the trial calendar. The Director alleges that the respondent's conduct in failing to pursue his client's lawsuit or to keep her reasonably informed regarding the status of her suit and dismissing her claim without her consent violated the disciplinary rules including, but not necessarily limited to DR 1–102(A)(5), DR 6–101(A)(3), and DR 7–101(A), Minnesota Code of Professional Responsibility (MCPR). That conduct after August 31, 1985, violated Rules 1.3, 1.4, and 8.4(d), Minnesota Rules of Professional Conduct. In June of 1985, the respondent met with his client and discussed with her proof problems in the case. Even at that time he did not reveal to her the true status of her case. After his client asked him to try to get a settlement, respondent began a subterfuge whereby he attempted to cover up his neglect and the dismissal of the lawsuit. He told his client he had had discussions with the insurance company and that they had offered $10,000 which he advised her not to accept. Those

misrepresentations were not true. The clients subsequently informed him that she would be willing to accept $20,000. Eventually respondent told his client that he had received an offer of settlement of $22,500 when, in fact, no such offer of settlement had been made. Nonetheless, he went through with a mock settlement and gave to his client his personal check for $15,000 and represented it to her as her share of an insurance settlement of her case against the defendants. He drafted and had his client execute a bogus stipulation for dismissal with prejudice and releases. The Director alleges this conduct of falsely stating that an insurance company had made settlement offers in the matter and had paid moneys in settlement and his drafting of false documents for his client's signature in order to complete the "settlement" violated Rule 8.4(c) and (d), Minnesota Rules of Professional Conduct. In the stipulation the respondent admitted the allegations of the petition, but in mitigation he contended that the case had very little, if any, value—a contention that was apparently substantiated by independent counsel and concurred in by the Director. Even though he perpetrated a subterfuge, respondent's client was not defrauded nor did respondent receive any fees. In light of the conduct, the type of practice engaged in by the respondent—which is generally restricted mostly to handling legal affairs of his family's real estate interest—and in view of the fact that the client was not eventually harmed nor that the respondent profited from his actions, the Director and the respondent recommend to this court that this court publicly reprimand the respondent and place him on probation for a one-year period subject to certain conditions.

The court having examined the petition, the files and records, and the stipulation accepts the stipulation and approves the same and ORDERS:

1. That the respondent Mark J. Freidson is hereby publicly reprimanded.

2. That the respondent is placed upon probation for a period of one year from the date of this order. The terms of that probation shall include:

a. That respondent initiate immediately and maintain office procedures to insure that there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling. Such procedures shall be so designed to insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

b. During the terms of the probation the respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegation of unprofessional conduct which have or may come to the Director's attention.

c. Within two weeks from the date of this order, the respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of the probation. Failure by the respondent to nominate a supervisor acceptable to the Director shall give the Director at his option the right to appoint any licensed Minnesota attorney acceptable to him to act as supervisor. The supervisor so appointed shall file written reports with the Director at least quarterly or at such other more frequent intervals as may reasonably be requested by the Director.

d. Respondent during the course of probation shall have the obligation to cooperate fully with his supervisor and with the Director's office, and their efforts to monitor compliance with the probation and any investigations of further unprofessional conduct which may arise during the probation.

e. Respondent shall report at least quarterly to the supervisor concerning the status of all matters then being handled by him and concerning

compliance with the terms and conditions of the probation.

f. Should the Director conclude during the probation that respondent has not complied with the terms and conditions of the probation or has committed acts of professional misconduct not referred to in the petition in this matter, the Director may file a petition for revocation of probation and for further disciplinary action against respondent without the necessity of further panel proceedings.

3. Within 30 days from the date hereof, respondent shall pay to the Director $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.