**In re PETITION FOR DISCIPLINARY ACTION AGAINST David L. McCOR-MICK, a Minnesota Attorney, Registration No. 259500.**

No. A05–1270.

Supreme Court of Minnesota.

March 7, 2006.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action and a supplementary petition for disciplinary action alleging that respondent David L. McCor-mick committed professional misconduct warranting public discipline, namely, neglect of client matters, failure to communicate with clients, and failure to cooperate with the Director, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 3.4(c), 8.4(d), and 8.1(a)(3), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).[1]

Because respondent failed to respond to the petition for disciplinary action or the supplementary petition for disciplinary action, the allegations against him are deemed admitted. Respondent has entered into a stipulation with the Director under which he waives his rights under Rule 14, RLPR. The parties jointly recommend that the appropriate discipline is suspension for 90 days, effective 14 days from the date of this order, pursuant to Rule 15, RLPR. The stipulation does not waive the reinstatement hearing provided for in Rule 18, RLPR.

This court has independently reviewed the file. We conclude that respondent's admitted neglect of client matters, failure to communicate with clients, and failure to cooperate with the Director requires that, should respondent be reinstated to the active practice of law, he be placed on two years' supervised probation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent is suspended for 90 days, effective 14 days from the date of this order. Respondent may petition for reinstatement up to 30 days before the expiration of the 90–day period. Should respondent petition for reinstatement to active practice, respondent shall comply with the provisions of Rule 18(a)-(e), RLPR. Upon rein-

---

1. Citations are to the Minnesota Rules of Professional Conduct as they read prior to the amendments that took effect October 1, 2005, and the Rules on Lawyers Professional Responsibility as they read prior to the amendment that took effect September 1, 2005.

statement, respondent shall be subject to two years' supervised probation under the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with his probation, and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for the release of information and documentation to verify compliance with the terms of his probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of his probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with his probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor, by the first day of each month during probation, an inventory of all active client files. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall institute and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters respondent is handling, that will ensure respondent regularly reviews each and every file and completes legal matters on a timely basis, and that will ensure respondent attends all court hearings, appearances, and trials on behalf of clients.

f. Respondent shall comply with Rule 26, RLPR, requiring notice of his suspension to clients, opposing counsel, and courts.

g. Respondent shall successfully complete the professional responsibility portion of the bar examination within one year of this order, pursuant to Rule 18(e), RLPR.

h. Respondent shall satisfy all continuing legal education requirements, pursuant to Rule 18(e), RLPR.

i. Respondent shall pay $900 in costs, pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice