In re Petition for REINSTATEMENT OF David Lawrence McCORMICK, Registration No. 259500.

No. A08–77.

Supreme Court of Minnesota.

June 11, 2009.

## ORDER

On March 7, 2006, petitioner David L. McCormick was suspended from the practice of law for a period of 90 days. *In re McCormick*, 710 N.W.2d 563 (Minn.2006). On March 14, 2007, petitioner was suspended for an additional 30 days. *In re McCormick*, 728 N.W.2d 496 (Minn.2007). On January 11, 2008, petitioner filed a petition for reinstatement to the active practice of law.

After a hearing on March 31, 2009, a panel of the Lawyers Professional Responsibility Board recommended that, although petitioner has not satisfied all conditions placed upon him by the court's earlier orders, he be reinstated to the active practice of law. The panel concluded that petitioner has proven by clear and convincing evidence that he has undergone the requisite moral change to render him fit to resume the practice of law and that he possesses the intellectual capacity to practice law. The panel further found that petitioner has paid the costs required by Rule 24, Rules on Lawyers Professional Responsibility (RLPR), and has successfully completed the professional responsibility portion of the state bar examination. The panel found that petitioner failed to give written notice of his suspension to clients and others, as required by Rule 26, RLPR, but acknowledged petitioner's testimony that he gave oral notice of the suspension. Although petitioner is not current in continuing legal education requirements, he has obtained extensions to earn the necessary CLE credits. Finally, the panel found that petitioner has satisfied two of the three subrogation claims filed against him with the Client Security Board. The Director does not contest the panel's recommendation that petitioner be reinstated.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner David Lawrence McCormick is reinstated to the active practice of law and placed on probation for a period of two years, subject to the following conditions:

a. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Di-

rector's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

c. Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Petitioner shall not agree to represent any client until the supervisor has signed a consent to supervise. Within two weeks from the date of filing of this order, petitioner shall provide the Director with the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Petitioner shall make active client files available to the Director upon request.

d. Petitioner shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during the probation, petitioner shall provide the supervisor with an inventory of all active client files disclosing the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. As a condition of probation, petitioner is prohibited from engaging in the solo practice of law. Petitioner must immediately notify the Director in writing if petitioner's employment as an attorney is terminated. Petitioner may not thereafter engage in the practice of law until he has secured other employment or obtained from the court a modification of the terms of his probation.

f. Petitioner shall institute and maintain office procedures that ensure prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that petitioner is handling. Those procedures must also ensure that petitioner regularly reviews each matter for which he is responsible and completes those matters on a timely basis.

g. Within 30 days after the date of filing of this order, petitioner must consult with a licensed chemical health care professional acceptable to the Director for an updated chemical health assessment. Petitioner must comply with any recommended course of treatment concerning petitioner's drug and alcohol use.

h. Petitioner shall satisfy all continuing legal education requirements pursuant to Rule 18(e), RLPR.

i. Within one year from the date of filing of this order, petitioner shall file with the Clerk of Appellate Courts and serve upon the Director proof that petitioner has made restitution to the client referenced in the court's March 14, 2007 order in the amount of the fine and any court costs imposed on the client by the district court, as required by the March 14, 2007 order. If petitioner does not file such proof within one year from the date of filing of this order, petitioner shall be ordered to show cause why he should not be suspended from the practice of law until he so complies.

BY THE COURT:

/s/ Alan C. Page
Associate Justice