In re PETITION FOR DISCIPLINARY ACTION AGAINST Barton Carl WINTER, a Minnesota Attorney, Registration No. 271433.

No. A08–1014.

Supreme Court of Minnesota.

Aug. 6, 2009.

Martin A. Cole, Director, Robin J. Crabb, Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner.

Barton C. Winter, Bloomington, MN, pro se.

## OPINION

### PER CURIAM.

On June 18, 2008, the Director of the Office of Lawyers Professional Responsibility (Director) filed a petition charging respondent Barton Carl Winter with one count of professional misconduct. The petition alleges that Winter knowingly made a false statement of fact to a tribunal and to another attorney in the course of representing a client and failed to correct the false statement. Winter answered the petition, and a hearing was held before a referee appointed by the court pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR). After the hearing, the referee found that Winter violated Minn. R. Prof. Conduct 3.3(a)(1),[1] 3.4(c),[2] 4.1,[3] 8.4(c),[4] and 8.4(d)[5] and recommended

---

1. Minn. R. Prof. Conduct 3.3(a)(1) states: "A lawyer shall not knowingly ... make a false statement of fact or law to a tribunal, or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

2. Minn. R. Prof. Conduct 3.4(c) states: "A lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

3. Minn. R. Prof. Conduct 4.1 states: "In the course of representing a client a lawyer shall not knowingly make a false statement of fact or law."

4. Minn. R. Prof. Conduct 8.4(c) states: "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

5. Minn. R. Prof. Conduct 8.4(d) states: "It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

that Winter be suspended indefinitely from the practice of law with no right to apply for reinstatement for six months.

Winter was admitted to the practice of law in Minnesota on October 25, 1996. In November 2002, he was admonished by the Director for failing to consult with a client. In October 2006, he stipulated to private probation for two years for engaging in a pattern of inadequate client communication, inadequate case preparation, and incompetent representation.

The following facts are relevant to our decision. In January 2007, Johnson Ezeagwu, an arriving alien who was being held by immigration authorities at an out-of-state facility pending his removal from the country, retained Winter. In an effort to reopen Ezeagwu's case, Winter prepared a motion to reopen, known as a "Lozada motion," alleging that Ezeagwu's previous attorney ineffectively represented Ezeagwu. Lozada motions alleging ineffective representation by a previous attorney require a statement as to whether a disciplinary complaint against the attorney had been submitted to the appropriate disciplinary authority and, if not, why not. In re Lozada, 19 I. & N. Dec. 637, 637 (B.I.A. 1988). Before filing the Lozada motion, Winter prepared a disciplinary complaint against the former attorney but did not file it. The Lozada motion, as drafted, indicated that the disciplinary complaint had been filed with the Minnesota Lawyers Professional Responsibility Board (LPRB).

On March 23, 2007, Winter filed the Lozada motion with the Board of Immigration Appeals (BIA) and included a copy of the unfiled disciplinary complaint. Thus, when filed, the Lozada motion contained a false statement of fact, namely that the disciplinary complaint had been filed. Winter also sent a copy of the Lozada motion and the disciplinary complaint to Ezeagwu's former attorney. Winter never indicated to the BIA or to the former attorney that the complaint had not been filed.

After receiving the Lozada motion and disciplinary complaint from Winter, Ezeagwu's former attorney spent 30 hours drafting a response to the disciplinary complaint. When the former attorney contacted the LPRB to inquire about the status of the matter, he learned that no complaint had been filed. The attorney then contacted Winter to inquire about the complaint, and Winter filed the complaint by letter dated April 21, 2007. The director subsequently determined that discipline was not warranted against the attorney.

By letter dated April 25, 2007, Ezeagwu's former attorney filed a complaint with the LPRB regarding Winter's conduct. Based on that complaint, the Director filed a petition for disciplinary action. After an evidentiary hearing, the referee found that Winter had violated Minn. R. Prof. Conduct 3.3(a)(1), 3.4(c), 4.1, 8.4(c), and 8.4(d) by knowingly making a false statement of fact to a tribunal and to another attorney in the course of representing a client and by failing to correct the false statement. The referee recommended that Winter be suspended from the practice of law with eligibility to petition for reinstatement after six months. The Director agrees with this recommendation. Winter challenges the referee's factual findings, conclusions of law, and recommendation for discipline, and the discipline recommended by the referee.

## I.

Winter contends that his conduct did not violate Minn. R. Prof. Conduct 3.3(a)(1), 3.4(c), 4.1, 8.4(c), and 8.4(d). We disagree.

In disciplinary proceedings, the Director bears the burden of proving by

clear and convincing evidence that the respondent lawyer violated the Rules of Professional Conduct. *In re Westby*, 639 N.W.2d 358, 367 (Minn.2002). Because Winter ordered a transcript of the disciplinary hearing, the referee's findings of fact and conclusions of law are not conclusive. *See* Rule 14(e), RLPR; *In re Peterson*, 718 N.W.2d 849, 853 (Minn.2006). But we give "great deference" to the referee's findings of fact and conclusions of law and will not reverse them "if they have evidentiary support in the record and are not clearly erroneous." *In re Moulton*, 721 N.W.2d 900, 906 (Minn.2006). "Findings that are based on an attorney's 'demeanor, credibility, or sincerity,' are particularly entitled to deference." *In re Czarnik*, 759 N.W.2d 217, 221 (Minn.2009) (quoting *Moulton*, 721 N.W.2d at 906).

■ The referee found that Winter knew when he submitted the *Lozada* motion that the statement in it—that Ezeagwu had filed a claim against his former attorney with the LPRB—was false. The referee concluded that Winter knowingly made a false statement of fact to a tribunal in violation of Minn. R. Prof. Conduct 3.3(a)(1), 4.1, 8.4(c), and 8.4(d) and intended to deceive the court, in violation of Minn. R. Prof. Conduct. 8.4(c).

■ Winter does not dispute that the *Lozada* motion was "not technically correct" because "at that time [he] had not filed the complaint on that day." Winter argues, however, that he did not intend to deceive because he always intended to file the disciplinary complaint and was waiting for Ezeagwu to send him the original signed copy. But " 'a representation is made with fraudulent intent when it is known to be false. . . .' " *Florenzano v. Olson*, 387 N.W.2d 168, 173 (Minn.1986). Because Winter concedes that his assertion in the *Lozada* motion that a disciplinary complaint had been filed against Eze-

agwu's former attorney was not truthful when the motion was filed, we affirm the referee's finding that Winter intentionally made a fraudulent representation to both the Bureau of Immigration Appeals and to the former attorney.

In an attempt to justify his conduct, Winter also contends that the misstatement did not violate Minn. R. Prof. Conduct 3.3(a)(1), 3.4(c), 4.1, 8.4(c), and 8.4(d) because it was not material to the underlying *Lozada* motion and because the *Lozada* motion had merit. But Minnesota's Rules of Professional Conduct do not contain a materiality element, and Winter's obligation to be truthful does not depend on the materiality of the statements being made. We therefore conclude that Winter's conduct violated Minn. R. Prof. Conduct 3.3(a)(1), 3.4(c), 4.1, 8.4(c), and 8.4(d).

## II.

■ The referee recommended that Winter be indefinitely suspended from the practice of law with eligibility to petition for reinstatement after six months. Winter asks this court to impose some lesser discipline. Although we give great deference to the referee's recommendation, it is our responsibility to determine the appropriate sanction. *In re Albrecht*, 660 N.W.2d 790, 796–97 (Minn.2003). "The purposes of disciplinary sanctions for professional misconduct are to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Oberhauser*, 679 N.W.2d 153, 159 (Minn.2004). When determining the appropriate sanction, we consider: (1) the nature of the misconduct; (2) the cumulative weight of the disciplinary violations; (3) the harm to the public; and (4) the harm to the legal profession. *In re Nelson*, 733 N.W.2d 458, 463 (Minn.2007). Although we look to similar cases for

guidance in determining the appropriate sanction, the sanction is "determined on a case-by-case basis after examining the acts of misconduct and considering both aggravating and mitigating circumstances." *In re Mayrand,* 723 N.W.2d 261, 268 (Minn.2006).

■ Winter's misconduct involves a single false statement in the *Lozada* motion that he filed with the immigration tribunal and sent to Ezeagwu's former attorney. Neither Ezeagwu nor his former attorney were harmed by Winter's failure to timely file the disciplinary complaint. The harm caused to the public and to the legal profession by Winter's conduct is the prejudice to the administration of justice. "An attorney who deliberately deceives the court is guilty not only of obstructing the administration of justice but also of subverting that loyalty to the truth without which he cannot be a lawyer in the real sense of the word." *In re Nilva,* 266 Minn. 576, 583, 123 N.W.2d 803, 809 (1963).

■ Based on the referee's findings, we consider several aggravating circumstances. First, the referee found that Winter failed to appreciate the severity of his misconduct. Winter challenges this finding, arguing that he did have remorse for his conduct. But in his answer to the Director's petition, Winter argued that his offense was "a non serious violation" because of "the facts surrounding the ineffective assistance complaint." At the hearing before the referee, although Winter admitted that providing false information was "a bad move," he sought to minimize his conduct by arguing that it was not as bad as "missing a court date or missing a briefing deadline." Winter's effort to minimize his misconduct by arguing that it is not as bad as other misconduct, and his suggestion that his actions were justified and undertaken with good intentions, indicates to us that Winter fundamentally misunderstands the importance of complying with a lawyer's ethical obligations. We note further that, given Winter's arguments, we cannot be assured that his misconduct will not recur. Thus, we conclude that the record supports the referee's finding that Winter did not appreciate the severity of his misconduct.

We also consider the referee's finding that Winter blamed others for the misconduct. While Winter challenges this finding, a review of the record leads us to conclude that the referee's finding is supported by the record, and we consider it an aggravating circumstance.

■ The referee also found that Winter's past discipline should be considered an aggravating circumstance. Winter has twice been disciplined in the past and his current misconduct occurred while he was on probation. In November 2002, Winter was admonished by the Director for failing to consult with a client. In October 2006, he stipulated to private probation for two years for engaging in a pattern of inadequate client communication, inadequate case preparation, and incompetent representation.

Winter challenges this past discipline as improper, arguing that he was "forcefully" required to admit to the wrongdoing that resulted in his being admonished and that the two-year probation was imposed based on "improper procedure and manipulation of caselaw" and "many inaccuracies and falsehoods." This argument has no merit. Rule 19(b)(4), RLPR, provides that "[c]onduct in previous lawyer disciplinary proceedings ... is admissible to determine the nature of discipline to be imposed."

■ We expect "an attorney to exhibit a renewed commitment to ethical behavior following a disciplinary proceeding," *In re Iliff,* 487 N.W.2d 234, 236 (Minn. 1992), and we "look[ ] closely at prior mis-

conduct, especially when current miscon-duct occurs while an attorney is on proba-tion." *In re Milloy*, 571 N.W.2d 39, 46 (Minn.1997). This is because "[f]or proba-tion to be successful, it must result in renewed commitment to ethical and pro-fessional behavior." *In re Munns*, 475 N.W.2d 82, 85 (Minn.1991). We also look more closely at misconduct when prior misconduct is similar to the current acts of misconduct. *Milloy*, 571 N.W.2d at 45–46.

We affirm the referee's finding that Winter's past discipline should be an ag-gravating factor. Although Winter's cur-rent misconduct is dissimilar to his previ-ous misconduct, the current misconduct occurred while he was on probation and does not demonstrate a renewed commit-ment to ethical and professional behavior. Further, Winter's misconduct has escalat-ed from a lack of diligence into making affirmative misstatements.

■ Finally, the referee found that Winter failed to exhibit proper courtroom decorum. During the hearing before the referee, Winter twice argued that the ref-eree's rulings were unfair. The second time, the referee instructed Winter that if he made one more comment about the fairness of the court, the referee would ask for a contempt hearing. Winter also ar-rived at the hearing late, refused to turn off his cell phone as required by the refer-ee, requested permission to answer his cell phone when it rang during the hearing, and left the proceeding to do so after being told he could not answer it. Winter also continued to argue about the merits of the *Lozada* motion and the claims against the other attorney even after adverse rulings and multiple warnings by the referee, of-fered little relevant evidence, and ignored the referee's directives about the nature of the proceedings against him.

Winter contends his courtroom decorum was justified as he argued with the referee because he objected to key evidence being excluded and because he did not want to capitulate "to the theme that only [his] conduct, no others mattered and that [his] conduct should be viewed in a vacuum"; that he was justified in continuing to argue the merits of the *Lozada* motion and disci-plinary claim; and that, if he arrived late and answered his cell phone, it was be-cause he was assisting his witnesses in getting to the hearing and that these "mi-nor violations of court decorum" were jus-tified in order to obtain "crucial witness testimony." Because the record before us provides no basis to question the referee's finding that Winter's courtroom decorum should be considered as an aggravating circumstance, we reject Winter's argu-ments and affirm the referee's findings. *See In re Getty*, 401 N.W.2d 668, 671 (Minn.1987).

■ As mitigating factors, we consider, as found by the referee, that Winter stated that he was sorry, that it was not good to lie, and that he would not repeat the mis-conduct. Further, Winter's current viola-tion is dissimilar to his prior violations. Also, the misstatement did not result in harm to Ezeagwu or to his former attor-ney, and the claims stated in the *Lozada* motion were not frivolous.

Winter also requests that we consider additional mitigating factors that were not found by the referee: (1) that Winter did eventually file the disciplinary complaint; and (2) that *Lozada* motions no longer require attorney discipline complaints to be filed.[6] We conclude that these facts do

6. We note that at the time Winter filed his appeal, *In re Lozada* had been superseded by *In re Compean*, 24 I. & N. Dec. 710 (B.I.A. 2009), which no longer required a disciplin-ary complaint to be filed with the appropriate state bar of disciplinary authority. But *In re*

not mitigate the fact that Winter knowingly made false statements to a tribunal and to another attorney.[7]

Based on the misconduct and the aggravating and mitigating facts as found by the referee, it is ordered that Winter is suspended from the practice of law in Minnesota, effective 14 days from the date of filing of this opinion, with no right to petition for reinstatement for a minimum of 120 days from the date of filing of this opinion. Reinstatement shall be pursuant to Rule 18(a)-(e), RLPR. Upon reinstatement, Winter shall be placed on supervised probation for a period of two years. Winter shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

So ordered.

*Compean* has since been vacated. *In re Compean*, 25 I. & N. Dec. 1 (B.I.A.2009).

7. Winter also contends that we should consider that the Hennepin County district ethics committee reviewed the complaint against him and recommended that he receive a private admonition, with the caveat that it should be a public admonition if he had a history of rule violations. But it is our responsibility alone to determine the appropriate sanction.