**In re the Petition for DISCIPLINARY ACTION AGAINST Kevin P. SULLIVAN, an Attorney at Law of the State of Minnesota.**

**No. CO–88–839.**

Supreme Court of Minnesota.

March 5, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Kevin P. Sullivan had committed unprofessional conduct warranting public discipline. The Director alleges three separate counts of misconduct in his petition, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that respondent represented a client in a criminal matter, for which respondent charged a fee of $2,000.00. The client paid respondent a $1,000.00 retainer and made an additional payment of $400.00. For his final payment, the client gave respondent a check for $600.00. When respondent re-

ceived the client's check he gave it to Ms. Anderson, the woman with whom he resided and who is not a lawyer, to deposit into her own checking account because respondent had no checking account of his own. Respondent kept no books or records of this or other payments by clients at that time.

When Ms. Anderson deposited the client's check into her account, her bank failed to honor the check. Upon learning of this, respondent contacted his client and threatened criminal prosecution against the client if respondent was not paid. This prompted the client's father to pay respondent $615.00 in cash as full payment of respondent's fee and to cover bank charges. The bank subsequently reprocessed the client's check, however, and credited Ms. Anderson's account in the amount of $615.00. When the client's father attempted to contact respondent regarding the overpayment, respondent failed to return the phone calls, and denied that any overpayment had occurred. Client's father filed a complaint with the Office of Lawyers Professional Responsibility and instituted a conciliation court action against respondent. Approximately eleven months after the dispute arose, respondent admitted the overpayment, but as of December 1, 1989, still had not repaid the entire sum owing to the client's father.

In count two, the Director alleges that in June 1989, respondent and Ms. Anderson, holding themselves out as husband and wife, bought a house from a Mr. Swanson on a contract for deed. As a condition of sale, respondent and Ms. Anderson were to make specified monthly payments and were to purchase and maintain hazard insurance on the house. Respondent failed to make the payments due in July and August 1989 and made false statements to Swanson about money orders which respondent claimed to have purchased and mailed to Swanson to cover the July and August payments. Respondent even mailed copies of money orders to Swanson which respondent knew to be false as "proof" of payment. In addition, respondent told Swanson that he had purchased the required hazard insurance in July 1989 when, in fact, respondent did not purchase such insurance until August 21, 1989, and provided Swanson with photocopies of insurance documents on which respondent had changed the date of purchase.

In count three, the Director alleges that respondent failed to file personal income tax returns with the State of Minnesota for 1987 and 1988, and with the Internal Revenue Service for 1988. Respondent did not file these returns until after he was questioned by the Director's Office in November 1989. It is also relevant that this Court has disciplined respondent on one previous occasion for his conduct in a matter in which he failed to keep his client informed, and in which he incompetently and negligently handled that client's matter.

After the filing of the petition, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. He also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. He joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a four month suspension, effective March 1, 1990, followed by a two year period of probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Kevin P. Sullivan, is suspended for a period of four months, effective March 1, 1990, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d) is waived.

3. That respondent's reinstatement after the suspension is conditioned upon:

(a) Filing of an affidavit with the Clerk of Appellate Courts and the Director's Office, at least 15 days before the expiration of the suspension period, that he is current with continuing legal education, and has fully complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility.

(b) Successful completion by respondent of the professional responsibility portion of the state bar examination within one year of the date of this Court's order.

4. That following reinstatement, respondent shall remain on probation for two years, supervised by an attorney appointed by the Director. During probation respondent shall:

(a) At all times cooperate fully with his supervising attorney and the Director's Office.

(b) Shall furnish the supervising attorney with authorizations permitting the supervising attorney to verify respondent's filing of returns.

(c) Shall permit the supervising attorney to periodically review his books and records to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct.

(d) Shall permit the supervising attorney to periodically review his financial obligations and to assist respondent in an orderly plan to discharge those obligations.

5. That the Director may file a petition for disciplinary action against respondent in the Court without the necessity of any panel proceedings if at any time during the period of probation, after giving respondent an opportunity to be heard, the Director concludes that respondent has not complied with the terms and conditions of the probation.

6. That the respondent shall pay to the Director within 90 days of the date of this order, the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.