**In re the Petition for DISCIPLINARY ACTION AGAINST Kevin P. SULLIVAN, an Attorney at Law of the State of Minnesota.**

No. C0–88–839.

Supreme Court of Minnesota.

June 8, 1993.

---

### ORDER

By order dated March 5, 1990, this court suspended petitioner Kevin P. Sullivan from the practice of law in the State of Minnesota for a period of 4 months. *In re Sullivan*, 452 N.W.2d 645 (Minn.1990). The suspension was based upon a stipulation between petitioner and the Director of the Office of Lawyers Professional Responsibility in which petitioner acknowledged that he had failed to refund a $615 overpayment of fees to a client, submitted falsified documents to a contract vendor, and failed to timely file personal income tax returns. At the end of his 4–month sus-

pension, petitioner filed an affidavit seeking reinstatement which the Director opposed because of petitioner's alleged failure to comply with Rule 26, Rules on Lawyers Professional Responsibility and petitioner's alleged lack of candor regarding his failure to comply. By order dated July 23, 1990, this court denied petitioner's reinstatement and ordered petitioner to petition for reinstatement pursuant to Rule 18, Rules on Lawyers Professional Responsibility.

On January 17, 1992, pursuant to this court's July 1990 order, petitioner commenced these reinstatement proceedings pursuant to Rule 18, Rules on Lawyers Professional Responsibility. The matter ultimately came on for hearing before a Panel of the Lawyers Professional Responsibility Board on March 26, 1993. At the hearing, petitioner testified that he was diagnosed in 1990 as having AIDS and, consequently does not have the requisite physical ability to practice law. Accordingly, petitioner has modified his request for reinstatement, seeking reinstatement to permanent retired status only.

At the conclusion of the hearing, the Panel found, among other things, that petitioner had satisfied the disciplinary costs and disbursements against him, successfully completed the professional responsibility portion of the bar examination and reimbursed the client for the overpayment of fees. The panel ultimately concluded that petitioner "has sufficiently demonstrated present character and fitness necessary for reinstatement from suspended status" and recommended that this court reinstate petitioner to permanent retired status. The Director has informed the court that she concurs with this recommendation and has requested on behalf of herself and the petitioner that this court render its decision without a referee hearing, briefing or oral argument.

The court, having considered all the facts and circumstances surrounding this matter, the Petition for Reinstatement, the Director's Report and Conclusion of Investigation and the Findings of Fact, Conclusions of Law and Panel Recommendations, NOW ORDERS,

1. That the petition of Kevin P. Sullivan for reinstatement to the practice of law in the State of Minnesota as an attorney at law with retired status is granted.

2. That Sullivan shall not be returned to active status except by further order of this court following a hearing pursuant to Rule 18, Rules on Lawyers Professional Responsibility.

3. That Sullivan shall continue to make monthly restitution payments to the Client Security Board as he is able until the Board's subrogation interest is paid in full.

4. That Sullivan shall make good faith efforts to file his 1991 individual income tax return.