In re Petition for DISCIPLINARY AC-
TION AGAINST Patrick W. HAWKINS,
an Attorney at Law of the State of
Minnesota.

No. C1–92–1261.

Supreme Court of Minnesota.

July 9, 1993.

Marcia A. Johnson, Director of the Office
of Lawyers Professional Responsibility,
Candice M. Hojan, Sr. Asst. Director, St.
Paul, for appellant.

Patrick W. Hawkins, pro se.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers
Professional Responsibility has twice ad-
monished Patrick W. Hawkins. On Haw-
kins' appeal from the second admonition, a
panel of three members of the Lawyers
Professional Responsibility Board found
probable cause for public discipline and di-
rected the filing of a petition addressed to
this court.

On November 23 and 24, 1992 a
hearing on the original petition and two
supplementary petitions was held before
our appointed referee, and on December 30,
1992 the referee issued his findings of fact,
conclusions of law and a recommendation
for suspension. Inasmuch as a transcript
of the hearing has not been provided, the
referee's findings are deemed conclusive.

The referee found that the Director
had failed to prove the allegations of either
the original or the first supplementary peti-
tion, although the written exhibits admitted
in connection with those charges demon-
strated respondent Hawkins' lack of skill
as a communicator. With respect to the
allegations of the second supplementary
petition, however, the referee found that
respondent's failure to comply with the Lo-
cal Bankruptcy Rules of the United States
Bankruptcy Court, District of Minnesota,
and his repeated filing of documents ren-
dered unintelligible by numerous spelling,
grammatical, and typographical errors

were sufficiently serious that they amounted to incompetent representation.

On five occasions between January 13 and June 15, 1992 respondent failed to file amended lists of creditors as required by Rule 304(c), Local Bankruptcy Rules. On four occasions respondent failed to include the proof of service required by Rule 304(b), Local Bankruptcy Rules, when filing amended lists of creditors, and at least twice respondent filed amended schedules of exempt property that did not comply with Rule 304(c).

Respondent also failed to comply with Rule 103, Local Bankruptcy Rules, in attempting to withdraw from representation. Although respondent filed a motion asking for permission to withdraw from a chapter 13 bankruptcy, it was untimely; and the bankruptcy trustee obtained a dismissal for failure of the debtor and respondent to appear at the creditors' meeting.

In short, the referee found that by regularly filing substandard bankruptcy documents containing numerous errors of various kinds, the respondent failed to represent his bankruptcy clients competently. The referee concluded, however, that respondent was well-versed in bankruptcy law and that his incompetence with respect to documentation had not harmed his clients. Nevertheless, the seriousness of respondent's noncompliance with the Local Bankruptcy Rules and respondent's attitude toward his shortcomings prompted the referee to recommend a three-month suspension followed by two years' supervised probation and completion of educational requirements.

■ It is apparent to us that Hawkins' repeated disregard of the Local Bankruptcy Rules, coupled with the incomprehensibility of his correspondence and documentation, constitutes a violation of Rule 1.1, Minnesota Rules of Professional Conduct.[1]

Although it is quite true that the deficiencies in the documents submitted to the bankruptcy court did not, as the referee concluded, cause harm to Hawkins' clients, the lack of harm is fortuitous. Compliance with the rules of the bankruptcy court ensures discharge of dischargeable debt. Even though Hawkins might be able to prove that a creditor who claims he did not receive notice of the bankruptcy proceedings was in fact notified, in the absence of appropriate documentation of service of proper notification, he might not. Therefore, Hawkins' contention that because there has been "no harm," there is "no foul" is unacceptable.

Moreover, harm has occurred: even though Hawkins' clients have not been harmed, administration of the law and the legal profession have been negatively affected by his conduct. Public confidence in the legal system is shaken when lawyers disregard the rules of court and when a lawyer's correspondence and legal documents are so filled with spelling, grammatical, and typographical errors that they are virtually incomprehensible.

We are of the opinion, however, that respondent's misconduct does not warrant suspension at this time. That is not to discount the seriousness of Hawkins' misconduct but only to recognize that suspension does not appear to be required for the protection of the public because, despite Hawkins' disregard of rules of court and lack of writing skill, he does—as the referee concluded—appear knowledgeable of the substantive law of bankruptcy. Hawkins' misconduct does, however, require the public reprimand we now issue, together with the admonition that there must be some changes in his attitude—blame for his misconduct cannot be laid at the feet of his clients. Neither can this disciplinary proceeding be characterized as persecution.

---

1. Rule 1.1, Minnesota Rules of Professional Conduct, provides as follows:
    A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

Respondent Patrick W. Hawkins is hereby publicly reprimanded for unprofessional conduct. He is ordered to pay costs and disbursements incurred in this proceeding in the amount of $250. Within two years after issuance of this opinion respondent shall successfully complete the following described CLE or other educational programs and shall report quarterly to the Director his progress in complying with these educational requirements:

(1) A program on bankruptcy rules, or if none is available, on the law of bankruptcy;

(2) A program of at least 10 hours in legal writing; and

(3) A program of at least 5 hours on law office management.

Public reprimand with conditions imposed.