In re Petition for Disciplinary Action against John M. TANCABEL, a Minnesota Attorney, Registration No. 108273.

No. A10–1381.

Supreme Court of Minnesota.

Jan. 20, 2011.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition and supplementary petition for disciplinary action alleging that respondent John M. Tancabel committed professional misconduct warranting public discipline, namely, failure to comply with court orders, failure to timely submit required court filings, failure to appear for multiple hearings in multiple client matters, failure to properly serve opposing parties, issuance of a check to opposing counsel for attorney fees and costs that was not supported by sufficient funds, disbursements of disputed client funds to himself without notification to the client or resolution of the dispute, failure to deposit client funds into a trust account, failure to timely return original client documents, failure to diligently pursue client matters, failure to adequately communicate with clients, and failure to cooperate with the Director's investigation, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4(a)(1), 1.4(a)(3), 1.4(a)(4), 1.5(b), 1.15(b), 1.15(c)(5), 1.16(d), 3.2, 3.4(c), 8.1(b), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, and withdraws his previously filed answer to the disciplinary petition. The parties jointly recommend that the appropriate discipline is an indefinite suspension for a minimum of 90 days, and that respondent be permitted to petition for reinstatement, as provided by Rule 18(a)-(e), RLPR, no less than 60 days from the date of filing of the court's order.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective 14 days from the date of filing of this order, respondent John M. Tancabel is indefinitely suspended from the practice of law for a minimum of 90 days. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs pursuant to Rule 24, RLPR. The reinstatement hearing required by Rule 18(a)-(d), RLPR, is not waived. Respondent may petition for reinstatement by filing with the Clerk of Appellate Courts and serving upon the Director, not less than 60 days from the effective date of the suspension, the petition required by Rule 18(a), RLPR. Reinstatement is further conditioned upon successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice