In re Petition for DISCIPLINARY AC-TION AGAINST Lawrence Walter ULANOWSKI, a Minnesota Attorney, Registration No. 316015.

No. A10–0819.

Supreme Court of Minnesota.

Aug. 3, 2011.

Martin A. Cole, Director, Timothy M. Burke, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner.

Kellen T. Fish, Minneapolis, MN, for respondent.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility petitions our court to take disciplinary action against Minnesota lawyer Lawrence Walter Ulanowski. The Director alleges several instances of misconduct occurring in multiple matters over a period of three years. The allegations include: making misrepresentations to the district court, filing frivolous claims, violating court rules, harassing opposing counsel, improperly withdrawing from the representation of a client, improperly threatening criminal prosecution, failing to inform clients of a settlement offer, failing to timely return client materials, making misrepresentations to the Director, and refusing to cooperate in the Director's investigation. We conclude that all of the referee's findings of fact and most of the referee's conclusions of law

were not clearly erroneous. But we conclude that the referee's recommended discipline—suspension for a minimum of six months—is not sufficient to protect the public, protect the legal profession, and deter future misconduct. Therefore, we indefinitely suspend Lawrence Walter Ulanowski from the practice of law for a minimum of one year.

On March 30, 2010, the Director of the Office of Lawyers Professional Responsibility petitioned our court to impose discipline on Minnesota lawyer Lawrence Walter Ulanowski. The Director alleged Ulanowski, a lawyer admitted to the Minnesota bar in December 2001, committed numerous violations of the Minnesota Rules of Professional Conduct. We appointed a referee to make findings of fact and conclusions of law, and to recommend appropriate discipline.

After conducting an evidentiary hearing, the referee concluded that Ulanowski violated several Rules of Professional Conduct during his representation in five client matters, his personal marriage dissolution, and the Director's investigation. We will address the facts of these matters in turn.

*K.H. Matter*

Ulanowski was an acquaintance, friend, and lawyer for K.H. and E.H., a married couple. When K.H. and E.H. began marriage dissolution proceedings, Ulanowski initially represented E.H., the husband but was later disqualified from representation. Ulanowski subsequently sued K.H. pro se to compel her to sign a deed—a signature that Ulanowski unsuccessfully sought to obtain while he represented E.H. The verified complaint in this action stated that Ulanowski was "acting on behalf of all property owners involved" with the property at issue. This statement was false, because K.H. and her parents were owners

of the property at issue, and they did not authorize Ulanowski to sue K.H. on their behalf. The referee concluded that when Ulanowski filed the complaint he knew his statement was false.

In support of his claim, Ulanowski submitted an affidavit from his mother, dated March 25, 2009, which stated that his mother had an ownership interest in part of the property at issue and that she authorized Ulanowski to act on her behalf. This claim was also false, because Ulanowski's mother had sold her property interest more than one year before the affidavit was submitted. Moreover, Ulanowski or someone in Ulanowski's office drafted the quitclaim deed that conveyed his mother's property interest to different owners, which deed was signed by his mother on October 16, 2007, and recorded on June 16, 2008. The referee concluded that Ulanowski knew or should have known that the claim in the affidavit was false. The referee also concluded that Ulanowski's action against K.H. was frivolous, because he had no property interest in the matter and therefore lacked standing.

While scheduling a hearing on the frivolous action against K.H., Ulanowski sent a letter notifying the district court that he had requested the hearing date be rescheduled and that he had "not had a response from opposing counsel." But Ulanowski's office had received a letter from opposing counsel the day before. The referee concluded that Ulanowski knew or should have known that his statement to the court was false.

While litigating the K.H. matter, Ulanowski repeatedly questioned opposing counsel's intelligence by making the following statement, and others that were similarly demeaning: "For some reason something this simple cannot even be understood by you. . . ." K.H.'s attorney testified that she found Ulanowski's correspondence to be "very unsettling." K.H.'s attorney also received what she believed to be a physical threat from Ulanowski. She subsequently refused to talk on the telephone or sit in a room with Ulanowski because Ulanowski was "becoming increasingly confrontational, hostile," and she believed Ulanowski "was personalizing disputes, personalizing the issues" of their clients. The referee found that certain communications between Ulanowski and K.H.'s attorney were "harassing and insulting" and had "no substantial purpose."

*J.I. Matter*

J.I. retained Ulanowski in August 2008 for legal representation in a marital dissolution proceeding that included child custody issues. Ulanowski knew of the complexities of J.I.'s case, and Ulanowski also knew J.I. suffered from a mild traumatic brain injury that caused cognitive and memory issues. In a retainer agreement, J.I. agreed to provide a $2,000 retainer at the start of Ulanowski's representation and at least a $4,000 retainer four weeks before trial. In October 2008, Ulanowski requested that J.I. replenish the retainer to $3,000 immediately and to $5,000 four weeks before trial, citing the complexity of the case as a justification.[1] J.I. and his family made some of the payments. In early December, Ulanowski requested that J.I. pay the outstanding balance and replenish the retainer to $15,000. By December 12, 2008, J.I. and his family had paid Ulanowski more than $20,000 in legal fees, but J.I. still owed Ulanowski money.

On December 15, 2008, Ulanowski told J.I. he would withdraw from representa-

1. The retainer agreement stated that Ulanowski could request "additional retainers in the event that any substantial disputes occur to prepare and attend hearings or the need for Court intervention arises."

tion within three days unless J.I. paid another $4,000 by December 19, used J.I.'s parents' land as collateral for the remaining balance, and paid off the remaining balance due on legal fees by December 31. J.I. did not signal his agreement to these new terms, and on December 19, 20 days before J.I.'s trial, Ulanowski withdrew from representing J.I. J.I. went to trial pro se, and his ex-wife—represented by counsel—received all of the relief she requested. At the disciplinary hearing, Ulanowski claimed J.I. still owed him more than $10,000 in legal fees. The referee concluded Ulanowski's withdrawal from his representation of J.I. was improper.

*J.N. Matter*

An attorney in Ulanowski's office represented J.N. in a marital dissolution. This representation resulted in a fee dispute, which became personal between Ulanowski and J.N. J.N. allegedly made several defamatory statements about Ulanowski's conduct unrelated to the marital dissolution proceedings. In a letter sent to J.N.'s counsel in the fee dispute, Ulanowski said that "[i]f [J.N.] does not agree to pay me the $40,000.00 owed for legal fees and retract from all sources her statements about me and more specifically about my children, I will consult with counsel about pursuing criminal charges against [J.N.]." Ulanowski added that if he received no response he would "proceed forward on the criminal charges against" J.N. The referee concluded the statement was "made for no substantial purpose and was harassing and burdensome."

*V.S. Matter*

Ulanowski represented V.S. and 11 other plaintiffs in an action to establish an easement. On June 4, 2009, the district court dismissed the action. The defendants moved the court to award costs. The court granted the motion, concluding that all five counts in the complaint were frivo-lous and lacked a legal and factual basis. The court sanctioned Ulanowski $10,859.50. The referee concluded that as of the date of the disciplinary hearing Ulanowski had paid only $85 of that sanction.

By letter, Ulanowski requested that the district court allow him to move to amend the complaint, move for reconsideration, or move for a rehearing. The court denied his request. A little over one month after making the request, Ulanowski filed a notice to remove the judge, citing the rules of criminal procedure, juvenile protective procedure, and juvenile procedure. In addition to citing these inapplicable rules, the notice filed by Ulanowski did not abide by the applicable rules because the notice was untimely and did not provide factual allegations to support a claim that the judge was biased. Ulanowski admitted that he filed the notice to remove knowing it did not comply with the court rules, but nevertheless, he did so with the intent that the judge would voluntarily recuse.

V.S. testified at the disciplinary hearing that Ulanowski failed to notify him of a settlement offer and did not return his file in a timely manner. Before the final hearing on the matter, V.S. made a request that Ulanowski return all original documents to him at the hearing. Ulanowski copied the file and billed V.S. for the copying costs but did not return the original documents until more than ten months after the initial request. Further, Ulanowski did not respond to repeated requests to return the documents and to issue a refund. The referee concluded that Ulanowski blamed his staff but ultimately recognized that returning the file was his responsibility.

*Personal Marital Dissolution Matter*

Ulanowski was a party to his own marital dissolution proceeding. Ulanowski repeatedly and knowingly filed untimely motions in this proceeding. On April 17,

2007, the district court issued an order that established the amounts to be paid by Ulanowski in child support and spousal maintenance. After that order was issued, Ulanowski filed a motion to amend his pleadings that violated Minn. Gen. R. Prac. 303.01, because the motion did not include a notice of motion stating a time and place for the hearing. The referee concluded that Ulanowski's claim that he was unable to obtain a hearing date and time was not credible. In July 2007, Ulanowski filed a motion to amend the April 2007 order, and in October 2007, Ulanowski filed an amended motion. Both of these filings were untimely under Minn. R. Civ. P. 52.02 and 59.03. The court concluded that Ulanowski's motions had the aforementioned flaws, lacked any legal and factual basis, and sanctioned Ulanowski $1,500, which he did not pay by the deadline set by the court.

In a November 2008 order, the district court directed final judgment be entered and the referee found that final judgment was entered on December 1, 2008. In January 2009, Ulanowski moved to amend the April 2007 order. The court found the motion to be untimely, and "not made in good faith," because the motion "was a mere recitation of [Ulanowski's] former motion, which had been previously denied." Ulanowski was again sanctioned $1,500, and he again failed to pay by the deadline. Ulanowski attempted to appeal this issue, but his appeal was untimely. The referee not only concluded that Ulanowski committed misconduct, but that all of his misconduct in this matter was done knowingly.

*K.A.R. Matter*

The referee found that in May 2008, Ulanowski's former spouse, K.A.R., filed a petition for an order for protection (OFP) against Ulanowski. On May 16, 2008, Ulanowski filed four petitions for OFPs against K.A.R., her boyfriend, and her parents. In three of the affidavits submitted in support of the OFPs, Ulanowski stated that "Petitioner's name is [K.A.R.]," when in fact, Ulanowski was the petitioner. Three affidavits also stated, "My relationship with Respondent is that he is the boyfriend of my former spouse," even though that was only true for one of the affidavits. All the petitions were either dismissed or withdrawn.

*Conduct During Disciplinary Investigation*

The referee devoted several pages of his findings of fact to describing Ulanowski's misconduct during the Director's disciplinary investigation. To summarize these findings, the Director issued 10 notices of investigation and complaint in less than two years, not all of which are at issue here. These notices generally required a response within 14 days, and Ulanowski never submitted a response within this time frame.[2] Ulanowski was also late in providing responses to the Director's requests for more information. In the K.H. matter, Ulanowski, on two separate occasions, took two months to deliver documents requested by the Director. Ulanowski took nearly three months to respond to a complaint, one month to deny an allegation made in a complaint, more than one month to complete a request for information in the J.N. matter, nearly one month to respond to the complaint in the V.S. matter, and more than a week past the deadline to respond to three other complaints.

Ulanowski made repeated attempts to avoid supplying the requested information. Ulanowski refused to provide information

---

**2.** In one matter, Ulanowski received an extension and provided the requested information within the extended period. One notice required a response within 10 days.

to the Director because he disagreed with how the Director was handling a complaint Ulanowski filed against another attorney. In another instance, Ulanowski refused to respond to correspondence from the assistant director assigned to his case, and repeatedly demanded that the Director assign his case to a different assistant director. Ulanowski also refused to supply requested information on the grounds that it was confidential, even though Rule 1.6(b)(8) of the Minnesota Rules of Professional Conduct (MRPC) specifically allows for confidential information to be disclosed in a disciplinary investigation.

In some responses, Ulanowski provided what the referee concluded was false information. For example, Ulanowski claimed that he terminated the working relationship between his law firm and a collection agency, and that he did not have a list of clients for whom the firm was to stop working until bills were paid. The record indicated, and the referee concluded, that these assertions were false.

*Aggravating Factors*

The referee found several aggravating factors relevant to the sanction he recommended for Ulanowski's misconduct. First, the referee concluded that Ulanowski made 10 misrepresentations or inconsistent statements during the Director's investigation. Second, during the investigation and disciplinary proceedings, Ulanowski failed to timely respond to the charges against him and to multiple discovery requests. The Director had to move for an order to compel before Ulanowski responded. Third, Ulanowski's misconduct occurred "over an extended period of time and across multiple matters." Fourth, the misconduct was intentional. Fifth, Ulanowski has experience in litigation matters. Sixth, Ulanowski has a prior discipline record based on an admonition in April 21, 2008, for conditioning the re-

turn of a client file upon payment for the copying costs. Seventh, Ulanowski repeatedly requested that the assistant director assigned to his case be removed, fired, suspended, or disbarred. Eighth, Ulanowski did not offer evidence that he regretted or had any shame or remorse with respect to his conduct, but instead placed blame on clerical errors, his staff, or biased judges. Ninth, Ulanowski did not offer evidence that misconduct would not occur again in the future. Finally, the referee concluded that Ulanowski made two statements that "reflect a fundamental lack of understanding of" the MRPC. Ulanowski stated he was not responsible for misrepresentations contained in an affidavit he submitted to the district court because he was not the affiant. Ulanowski also stated the MRPC do not apply to him unless he is acting in his official capacity as an attorney. The referee concluded that both of these statements are inconsistent with the MRPC.

*Mitigating Factors*

The referee concluded there were no mitigating factors, but did mention factors as "context" that resulted in the referee feeling some "sympathy" for Ulanowski's position. These factors included Ulanowski's vision and mobility issues, a chronic illness, and Ulanowski's experience in a contentious divorce proceeding. The referee also noted that, because Ulanowski was a solo practitioner, any length of suspension would have a substantial impact on Ulanowski's legal practice.

The referee filed his findings of fact, conclusions of law, and recommendation for discipline on November 29, 2010. The referee concluded that Ulanowski's actions violated Rules 1.4(a)(1), 1.16(d), 3.1, 3.2, 3.3(a)(1), 3.4(c), 4.1, 4.4, 8.1(b), 8.4(c), 8.4(d), MRPC, and Rule 25, Rules on Lawyers Professional Responsibility (RLPR). The referee recommended that Ulanowski

be suspended from the practice of law with no right to apply for reinstatement for a minimum of six months. Ulanowski ordered a transcript of the proceedings and now challenges many of the referee's findings of fact and conclusions of law.

## I.

▮▮▮ We first address Ulanowski's challenges to the referee's findings of fact and conclusions of law. When a party orders a transcript of the disciplinary hearing, the referee's findings of fact and conclusions of law are not conclusive. *In re Coleman,* 793 N.W.2d 296, 303 (Minn. 2011). We will "give great deference to the referee's findings of fact and will not reverse those findings if they have evidentiary support in the record and are not clearly erroneous." *Id.* (citation omitted) (internal quotation marks omitted). A finding is "clearly erroneous" if we are "left with the definite and firm conviction that a mistake has been made." *In re Lyons,* 780 N.W.2d 629, 635 (Minn.2010). With regard to the conclusions of law, we review "the interpretation of the MRPC de novo, and . . . the application of the MRPC to the facts of the case for clear error." *In re Aitken,* 787 N.W.2d 152, 158 (Minn. 2010).

Ulanowski explicitly challenges many of the referee's applications of the MRPC to the facts and implicitly challenges many of the referee's findings of fact. Therefore, in this section we will address all of Ulanowski's challenges, explicit and implicit, to the individual matters described above.

We conclude that none of the findings of fact were clearly erroneous, and most of the referee's applications of the MRPC were not clearly erroneous.

*K.H. Matter*

Ulanowski first challenges the referee's conclusion that he knowingly misrepresented facts to the district court. Knowingly misrepresenting facts to a court violates Rules 3.3(a)(1),[3] 4.1,[4] and 8.4(c),[5] MRPC. *See In re Winter,* 770 N.W.2d 463, 467 (Minn.2009).

Ulanowski asserts he did not know that his mother's affidavit falsely stated that she owned a property interest when he submitted the affidavit to the district court because someone in his office—not himself—had drafted the deed conveying his mother's property interest. The referee concluded that Ulanowski "either personally or in his office had caused to be drafted" the deed, and that "[h]is attempts to disavow the affidavit are not credible." The deed contains a statement that it was drafted by Ulanowski, bears his name and attorney license number, and was used in a transaction involving his mother. The referee's finding that Ulanowski knew the affidavit was false was not clearly erroneous.

▮▮▮ We also conclude that the record supports the referee's conclusion that Ulanowski violated the Rules of Professional Conduct in the K.H. matter. Ulanowski falsely represented to the district court that he was acting on behalf of all property owners and submitted an affidavit from his

**3.** Rule 3.3(a)(1), MRPC, provides that a "lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal, or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

**4.** Rule 4.1, MRPC, provides that "[i]n the course of representing a client a lawyer shall not knowingly make a false statement of fact or law."

**5.** Rule 8.4(c), MRPC, provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

mother that falsely stated she owned certain property. Also, Ulanowski told the court he had not heard from opposing counsel, when he had or should have had knowledge that a letter from opposing counsel had arrived in his office the day before. We conclude that the referee did not clearly err in concluding Ulanowski violated Rules 3.3(a)(1), 4.1, and 8.4(c), MRPC, in this matter.

■ Ulanowski challenges the referee's conclusion that he submitted frivolous claims in an action against K.H. Engaging in frivolous claims or lawsuits violates Rules 3.1,[6] and 8.4(d),[7] MRPC. *See In re Pinotti*, 585 N.W.2d 55, 62 (Minn.1998). Ulanowski commenced an action to force K.H. to sign a deed when Ulanowski had no interest in the underlying property. Ulanowski appears to argue that his claim was not frivolous because the district court did not issue sanctions for initiating a frivolous claim. We conclude that this argument is meritless. First, the court declined to issue sanctions because the request for sanctions did not conform to Minn. R. Civ. P. 11.03, not for lack of frivolousness. Second, we have held that a decision by a district court to not issue sanctions is of limited import in a disciplinary action because "[c]onsiderations for imposing ethical sanctions differ from considerations of Rule 11 sanctions." *In re Panel Case No. 17289*, 669 N.W.2d 898, 905 (Minn.2003).[8] We conclude the refer-

ee did not clearly err in concluding Ulanowski violated Rules 3.1, and 8.4(d), MRPC.

Finally, Ulanowski challenges the referee's conclusion that he harassed opposing counsel. Harassing opposing counsel with needless insults and threats violates Rule 4.4(a),[9] MRPC. In *In re Williams*, we held that an attorney committed unprofessional conduct when the attorney engaged "in calculated trial tactics to provoke and bait opposing counsel, intimidate and demean witnesses and obfuscate the record." 414 N.W.2d 394, 397 (Minn.1987). Additionally, we stated that the attorney violated Rule 4.4, MRPC by "continually interrupting the chairman" of the panel of the Lawyers Professional Responsibility Board and by calling "the panel chairman, a lawyer, 'a disgrace to our profession.'" *Id.* at 398.

■ Ulanowski argues that his correspondence with K.H.'s attorney was not "harassing." But Ulanowski sent several demeaning letters repeatedly questioning opposing counsel's intelligence. Further, opposing counsel stated that she perceived a threat from Ulanowski and stated that, as a result, she would not speak with him in person or over the telephone. We conclude that the referee did not clearly err in finding that Ulanowski's interaction with opposing counsel was harassing.

The record supports the referee's conclusion that Ulanowski violated the Rules

---

6. Rule 3.1, MRPC, provides that a "lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law."

7. Rule 8.4(d), MRPC, provides that "[i]t is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

8. Additionally, Ulanowski was sanctioned by the district court in the V.S. matter for filing a frivolous claim. Ulanowski's argument, even if it was valid, would strengthen the Director's argument in that matter.

9. Rule 4.4(a), MRPC, provides that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

of Professional Conduct. Ulanowski threatened and repeatedly insulted the intelligence of opposing counsel and these actions served no substantial purpose other than to embarrass, delay, or burden opposing counsel. Therefore, we conclude it was not clear error for the referee to conclude that Ulanowski violated Rule 4.4(a), MRPC.

### J.I. Matter

Ulanowski challenges the referee's conclusion that he failed to protect J.I.'s interest when he withdrew from representation. Failing to protect a client's interest upon withdrawal violates Rule 1.16(d),[10] MRPC. In *In re Milloy*, we affirmed a conclusion that withdrawing from representation 11 days before a hearing violated Rule 1.16(d). 571 N.W.2d 39, 44 (Minn.1997).

■ First, Ulanowski downplays the significance of J.I.'s cognitive and memory issues because J.I.'s mother was heavily involved in J.I.'s legal affairs, which he asserts mitigated any additional prejudice. But it was not clear error for the referee to consider J.I.'s cognitive and memory issues when deciding whether Ulanowski adequately protected J.I.'s interests upon withdrawal from representation. Regardless of the involvement of J.I.'s mother, J.I. was Ulanowski's client and was to be the decision-maker in matters affecting his representation. *See* Rule 1.14, MRPC, cmt. 3 (stating that an attorney, when representing a client with diminished capacity, "must look to the client, and not family members, to make decisions on the client's behalf"). We conclude that the referee did not clearly err in factoring J.I.'s cognitive and memory issues into his analysis of Ulanowski's misconduct.

Second, Ulanowski argues that he had cause to withdraw from representing J.I. under the MRPC. But the Director correctly notes that Ulanowski's argument does not address the rule violation. The referee found that Ulanowski failed to protect his client's interest upon termination of representation, not that he terminated representation without cause. *Cf. In re Fuller*, 621 N.W.2d 460, 466 (Minn.2001) (finding withdrawal from representation improper, even though withdrawal was required). Therefore, this argument does not alter our analysis.

Finally, Ulanowski argues that he provided J.I. ample warning that J.I. would need to either pay his bills or retain alternate counsel. Ulanowski increased his retainer requirement from $4,000 to $15,000. Then, Ulanowski gave J.I. new terms, requiring land as collateral, and gave J.I. only three days to accept these new terms. Because of the dramatic change in the terms of the agreement over the course of their attorney-client relationship, we conclude that the notice was less than adequate. Additionally, if J.I.'s case was difficult enough to require such drastic increases in Ulanowski's retainer, J.I. would likely need even more time to retain alternate counsel. Therefore, it was not clearly erroneous for the referee to conclude Ulanowski violated Rule 1.16(d), MRPC, when he withdrew from representing a client with cognitive and memory issues less than three weeks before trial and the client did not obtain substitute counsel for his trial.

### J.N. Matter

■ Ulanowski challenges the referee's conclusion that he improperly threatened

---

10. Rule 1.16(d), MRPC, provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fees or expenses that has not been earned or incurred."

J.N. with criminal prosecution. Improperly threatening to institute criminal prosecution violates Rule 8.4(d), MRPC. Making threats of criminal prosecution in order to coerce payment in a civil matter is misconduct. *See In re Nelson,* 733 N.W.2d 458, 461 (Minn.2007) (listing past disciplinary history and including threats of criminal prosecution in a civil matter); *In re Sullivan,* 452 N.W.2d 645, 646 (Minn.1990). We have held that making threats in order to gain a monetary advantage violates Rule 8.4(d), MRPC. In *In re Coleman,* the attorney was ordered to pay fees based on his failure to complete discovery requests. 463 N.W.2d 718, 719 (Minn.1990). The attorney subsequently threatened the opposing parties with RICO and fraud actions if they did not stipulate to releasing the attorney fees judgment. *Id.*

■ Ulanowski argues that his letter to J.N.'s counsel did not threaten criminal prosecution, but merely indicated an intention to consult a criminal attorney. We conclude that Ulanowski's argument is meritless. Ulanowski's letter stated: "Please be aware that I will aggressively pursue criminal charges against [J.N.]," and further stated that if J.N. did not agree to Ulanowski's settlement terms, he would "proceed forward on the criminal charges against" J.N. The referee did not clearly err in finding that Ulanowski threatened criminal prosecution.

The record supports the referee's conclusion that Ulanowski violated the Rules of Professional Conduct when he threatened J.N. with criminal prosecution. Ulanowski's threat of criminal prosecution in order to recover attorney fees for an unrelated civil matter is just as prejudicial to the administration of justice as was the conduct in *Coleman,* 463 N.W.2d at 719.

We conclude that the referee did not clearly err in finding that Ulanowski violated Rule 8.4(d) when he threatened J.N. with criminal prosecution.

### V.S. Matter

Ulanowski first challenges the referee's conclusion that he submitted frivolous claims to the district court. As previously noted, engaging in frivolous claims or lawsuits violates Rules 3.1, and 8.4(d), MRPC. *Pinotti,* 585 N.W.2d at 62.

■ Ulanowski argues that his claims were not frivolous because he did not see a relevant document until the day of the motion hearing. However, V.S. testified that he told Ulanowski about the document, the district court concluded that "even a cursory investigation of the subject matter of this case would have revealed this" document, and opposing counsel warned Ulanowski that the claims were meritless and sanctions would be sought if the matter was not dismissed. Moreover, the motion to remove the judge was also frivolous because it was untimely and based on inapplicable rules. It was not clear error for the referee to conclude these claims were frivolous.

■ Ulanowski next challenges the referee's conclusion that he knowingly violated court rules. Knowingly violating court rules is a violation of Rule 3.4(c),[11] MRPC. More specifically, Ulanowski argues that his motion to remove the judge, even though the motion was untimely and cited irrelevant rules, was done in a good-faith attempt to make the judge voluntarily recuse. But Ulanowski never requested that the judge voluntarily recuse, and Ulanowski's motion did not provide any reasons why recusal would be appropriate. The

---

11. Rule 3.4(c), MRPC, provides that a "lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

attempt to remove the judge does not appear to be in "good faith," but rather it appears to have been a backhanded tactic to get a result that was not required by the rules. We conclude that the referee did not clearly err by refusing to find Ulanowski's conduct was a good-faith action within the rules.

The record supports the referee's conclusion that Ulanowski violated the Rules of Professional Conduct. Ulanowski filed a notice to remove a judge in a civil case and cited rules that obviously did not apply, such as the Minnesota Rules of Criminal Procedure and the Minnesota Rules of Juvenile Procedure. Ulanowski knew these rules did not apply, but cited them anyway in an attempt to get a judge to voluntarily recuse. We conclude that the referee's finding that Ulanowski's conduct violated Rule 3.4(c), MRPC, was not clearly erroneous.

■ Next, Ulanowski challenges the referee's conclusion that he failed to return client materials in a timely manner. Failing to return client materials in a timely manner violates Rule 1.16(d), MRPC. *See In re Tancabel,* 792 N.W.2d 835, 835 (Minn.2011). Ulanowski argues that V.S.'s files were not returned because of "internal office errors." But Ulanowski states that he "understands he is responsible for the actions, or inactions, of his law firm." The referee made a similar finding, stating that Ulanowski "attempts to blame his staff for this failure, but admits that it is his responsibility." Therefore, Ulanowski does not actually dispute this fact and the referee's finding that Ulanowski was responsible for failing to return client materials for more than 10 months after the initial request was not clearly erroneous. Therefore, we conclude that the referee's

finding that Ulanowski violated Rule 1.16(d) was not clearly erroneous.

■ Ulanowski does not challenge the referee's conclusion that he failed to inform V.S. and other clients of a settlement offer. Failing to inform a client of a settlement offer violates Rule 1.4(a)(1),[12] MRPC. *Cf. In re De Rycke,* 707 N.W.2d 370, 374 (Minn.2006) (finding a clear violation of Rules 1.3 and 1.4, MRPC, when attorney did not inform client of a plea offer); *In re Grzybek,* 567 N.W.2d 259, 263 (Minn.1997) (holding that the attorney's failure to inform his client of a settlement offer from opposing counsel "clearly violated" Rule 1.4, MRPC). Testimony supported the referee's finding that Ulanowski did not inform V.S. of a settlement offer, and Ulanowski does not dispute this finding. Therefore, we conclude that the referee's conclusion that Ulanowski violated Rule 1.4(a)(1) was not clearly erroneous.

*Personal Marital Dissolution Matter*

Ulanowski does not challenge the referee's findings of fact or conclusions of law in the matter of his personal marriage dissolution. The referee concluded that Ulanowski made frivolous claims and violated court rules in violation of Rules 3.1, 3.2, 3.4(c), 4.4(a), and 8.4(d), MRPC. These rules have already been discussed above. Ulanowski filed numerous untimely motions and a motion that had already been denied once. These motions were frivolous and violated court rules. Therefore, we conclude that the referee did not clearly err in concluding Ulanowski violated Rules 3.1, 3.2, 3.4(c), 4.4(a), and 8.4(d), MRPC.

---

**12.** Rule 1.4(a)(1), MRPC, provides that a "lawyer shall … promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these rules."

*K.A.R. Matter*

Ulanowski challenges the referee's conclusion that he knowingly misrepresented facts to the district court in the K.A.R. matter. As noted in the discussion of the K.H. matter, knowingly misrepresenting facts to a court violates Rules 3.3(a)(1), 4.1, and 8.4(c), MRPC.

Ulanowski claims that the referee clearly erred by considering the false information in the affidavits supporting his petitions for OFPs when recommending a sanction because the affidavits were incorrect due to a "clerical mistake," and because the mistake occurred in a "very emotionally charged situation." Ulanowski testified that he read the affidavits before he signed them. We conclude that the referee's finding that Ulanowski read the affidavits and submitted them knowing they contained false information is therefore not clearly erroneous.

■ The record also supports the referee's conclusion that Ulanowski violated the Rules of Professional Conduct. The errors in the affidavits were obvious on reading the affidavits and did not help Ulanowski's cause. Even assuming that Ulanowski did not draft the affidavits himself, as he claimed, Ulanowski read and signed the affidavits that contained false information and then submitted the affidavits to the district court. We conclude that the referee's conclusion that this conduct violated Rules 3.3(a)(1), 4.1, and 8.4(c), MRPC was not clearly erroneous.

However, the referee also concluded that Ulanowski violated Rule 4.4(a),

MRPC, which prohibits an attorney from using methods "that have no substantial purpose other than to embarrass, delay, or burden a third person." But the referee made no findings of fact, and we do not see facts on our own review of the record, that Ulanowski's behavior in the K.A.R. matter served no substantial purpose other than to embarrass, delay, or burden a third person. Therefore, because there are no facts in the record that support a violation of Rule 4.4(a), we conclude that the application of Rule 4.4(a) to the K.A.R. matter was clearly erroneous. The conclusion that Rule 4.4(a) was not violated in this matter, however, carries minimal impact. We already concluded that Ulanowski violated Rule 4.4(a) in the K.H. matter and we agree with the referee that the violation in the K.A.R. matter did not have a significant impact.

*Conduct During Disciplinary Investigation*

Ulanowski challenges the referee's conclusion that Ulanowski's responses to the Director's correspondences during the disciplinary investigation violated the rules of professional conduct. Failing to appropriately respond to the Director's requests in a disciplinary investigation and making misrepresentations to the Director are violations of Rules 8.1(b),[13] 8.4(c), 8.4(d), MRPC, and Rule 25,[14] RLPR. *In re Karlsen,* 778 N.W.2d 307, 312 (Minn.2010) (stating that responding with "only a vague denial" and other failures to cooperate violated Rule 8.1(b), MRPC, and Rule 25, RLPR); *In re Grigsby,* 764 N.W.2d 54,

---

**13.** Rule 8.1(b), MRPC, provides that a lawyer "in connection with a disciplinary matter, shall not ... fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admission or disciplinary authority, except that this rule does not

require disclosure of information otherwise protected by Rule 1.6."

**14.** Rule 25, RLPR, states that a lawyer under investigation has a duty to comply with "reasonable requests" for information, and violating the rule is unprofessional conduct and a ground for discipline.

62 (Minn.2009) (stating that failure to timely respond and making misrepresentations violated rules 8.4(c) and (d), MRPC, and Rule 25, RLPR).

Ulanowski specifically challenges the referee's finding that during the investigation, Ulanowski misrepresented who terminated the relationship between Ulanowski's law firm and a collection agency. The record includes testimony from the collection agency owner, and a letter from the collection agency stating that the collection agency terminated all of Ulanowski's accounts with the agency. We conclude that the referee's finding on this fact was not clearly erroneous.

The record also supports the referee's conclusion that Ulanowski violated the rules of professional conduct. Ulanowski was consistently late and belligerent in responding to requests for information, and made misrepresentations to the Director on two occasions. We hold that the referee did not clearly err in concluding Ulanowski's actions during the disciplinary investigation violated Rules 8.1(b), 8.4(c), 8.4(d), MRPC, and Rule 25, RLPR.

In sum, we have reviewed the referee's findings of fact and conclusions of law and conclude that, except for the Rule 4.4(a) violation in the K.A.R. matter, none of the referee's findings and conclusions were clearly erroneous.

## II.

 We now turn to the appropriate discipline. The purpose of discipline is not to punish the attorney, but rather to protect the public, protect the judicial system, and deter future misconduct by the disciplined attorney and other attorneys.

*In re Rebeau,* 787 N.W.2d 168, 173 (Minn. 2010). "Although we place great weight on the referee's recommended discipline, we retain ultimate responsibility for determining the appropriate sanction." *In re Coleman,* 793 N.W.2d 296, 308 (Minn. 2011). We consider four factors to determine the appropriate discipline: "(1) the nature of the misconduct; (2) the cumulative weight of the disciplinary violations; (3) the harm to the public; and (4) the harm to the legal profession." *In re Nelson,* 733 N.W.2d 458, 463 (Minn.2007). We will also consider mitigating and aggravating circumstances, *Rebeau,* 787 N.W.2d at 173–74, and we will use prior decisions to ensure consistent discipline, even though we impose discipline based on the unique facts of each case, *Coleman,* 793 N.W.2d at 308.

 The referee recommended Ulanowski be indefinitely suspended from the practice of law for a minimum of six months, be barred from representing himself or family members during the suspension, and be reinstated only upon completion of several conditions.[15] The Director requests Ulanowski's indefinite suspension be for at least 18 months. Ulanowski argues the appropriate sanction is "admonishment and/or some type of probation." We conclude that a one-year suspension, together with the other conditions recommended by the referee, is the appropriate sanction.

### Nature of the Misconduct

The nature of Ulanowski's misconduct involves various actions and various levels of severity: making misrepresentations to the court, submitting frivolous claims, and

---

15. These conditions include compliance with Rule 26, RLPR; payment of costs, disbursements, and interest pursuant to Rule 24, RLPR; successful completion of the professional responsibility examination; satisfaction of continuing legal education requirements; and presentation of clear and convincing proof that he has undergone moral change, that he is fit to practice law, and that future misconduct is unlikely to occur.

violating court rules in multiple matters; harassing of opposing counsel; improperly withdrawing; improperly threatening criminal prosecution; failing to inform clients of a settlement offer; failing to timely return client materials; and making misrepresentations and refusing to cooperate in the Director's investigation.

Making misrepresentations is subject to discipline. We have stated that "[s]evere discipline is warranted where a lawyer's conduct is dishonest and lacks integrity." *In re Houge*, 764 N.W.2d 328, 339 (Minn. 2009) (suspending an attorney for minimum of two years when the attorney assisted a client in fraudulent conduct, knowingly made false statements to court, knowingly offered false evidence, failed to supervise an assistant, and ratified an assistant's unethical conduct); *see also In re Aitken*, 787 N.W.2d 152, 163 (Minn.2010) (suspending attorney for 90 days for forgery, submitting a forged document, and noncooperation with the Director's investigation). Misrepresentations to the court were made in the K.H. and K.A.R. matters. The misrepresentations to the court in the K.A.R. matter were not as serious, because the statements were obviously incorrect and did not aid Ulanowski. But in the K.H. matter, the misrepresentations were made to benefit Ulanowski and were not obviously inaccurate. We conclude that Ulanowski's conduct lacked honesty and integrity.

Submitting frivolous claims is conduct also subject to sanctions. We have held that suspension is appropriate when an attorney files one frivolous, vexatious lawsuit. *In re Tieso*, 396 N.W.2d 32, 34 (Minn.1986) (ordering a three-month suspension for filing one "frivolous, vexatious lawsuit"). In *In re Selmer*, 568 N.W.2d 702, 704 (Minn.1997), we suspended an attorney for 12 months based on the attorney's "pattern of frivolous and harassing litigation" and his pattern of "misrepresentation, nondisclosure and lack of candor throughout" the disciplinary proceedings. *See also In re Nathan*, 671 N.W.2d 578, 586 (Minn.2003) ("We have imposed indefinite suspensions in similar cases where attorneys engaged in a pattern of harassing and frivolous litigation."). Here, Ulanowski brought frivolous claims in the K.H. and V.S. matters, and in his personal marital dissolution matter.

■ Failure to cooperate with the Director's investigation by making misrepresentations and submitting untimely responses merits suspension. *Rebeau*, 787 N.W.2d at 174; *Grigsby*, 764 N.W.2d at 63. Such conduct both "warrants indefinite suspension on its own" as well as "increases the sanction imposed when accompanied by other misconduct." *Aitken*, 787 N.W.2d at 162 (citation omitted) (internal quotation marks omitted). In *Grigsby*, the attorney failed to respond to the Director's requests in a timely manner, but did not refuse to provide the information. 764 N.W.2d at 63. The attorney also "actively misrepresented to the Director what information was and was not available and why." *Id.* at 62. The attorney was suspended for 60 days. *Id.* at 63. Here, Ulanowski missed deadlines repeatedly, and misrepresented certain information to the Director.

Failing to timely return client materials, to pay sanctions, to inform a client of a settlement offer, to properly withdraw, and to abide by court rules are considered misconduct subject to sanctions.[16] Im-

---

16. *See In re Tancabel*, 792 N.W.2d 835, 835 (Minn.2011) (suspending an attorney for a minimum of 90 days for failing to timely return original client documents, among other violations); *In re Selmer*, 749 N.W.2d 30, 39 (Minn.2008) (stating that public discipline was warranted when attorney failed to pay an outstanding Wisconsin disciplinary judg-

properly threatening criminal prosecution and harassing opposing counsel may also subject an attorney to discipline.[17] Ulanowski committed all of these acts of misconduct, which all weigh in favor of a serious sanction.

We have stated that "the cumulative weight and severity of multiple disciplinary rule violations may compel severe discipline even when a single act standing alone would not have warranted such discipline." *In re Oberhauser*, 679 N.W.2d 153, 160 (Minn.2004). We have also held that multiple acts of misconduct, including past disciplinary history, warrant a more severe sanction. *See In re Fett*, 790 N.W.2d 840, 851 (Minn.2010); *Rebeau*, 787 N.W.2d at 175. As outlined above, Ulanowski committed several different types of misconduct, resulting in the violation of 12 different rules-and multiple violations of some rules. Moreover, this misconduct occurred over the course of more than three years. Ulanowski also has a disciplinary history that includes receiving an admonition for violating Rule 16(g), MRPC, for conditioning the return of a client's file upon receipt of copying costs. We conclude that the cumulative weight of Ulanowski's misconduct merits the imposition of a serious sanction.

*Harm to the Public and the Legal Profession*

We have said that "[t]he impact of the harm to the public and the profession [from professional misconduct] requires consideration of 'the number of clients harmed [and] the extent of the clients' injuries.'" *Coleman*, 793 N.W.2d at 308 (quoting *In re Randall*, 562 N.W.2d 679, 683 (Minn.1997)). Failing to follow court rules harms public confidence in the legal system. *In re Hawkins*, 502 N.W.2d 770, 771 (Minn.1993). Frivolous claims are a waste of the court's resources. *See In re Albrecht*, 779 N.W.2d 530, 542 (Minn.2010) (stating that the attorney's neglect "caused the needless expenditure of judicial resources and the resources of opposing counsel, which harmed the legal profession"). There is evidence in the record that Ulanowski's frivolous claims cost opposing parties about $46,000 in legal fees, as well as time, to settle the matters.[18] Ulanowski took more than $20,000 from J.I. before withdrawing as his counsel, requiring J.I. to proceed to trial pro se, while his ex-wife was represented by counsel. The referee concluded that Ulanowski exhibited harassing behavior to opposing counsel and opposing parties in the K.H. and J.N. matters. We agree with the referee and conclude that these actions harmed the public and the legal profession.

*Aggravating Factors*

The referee also concluded there were several aggravating factors, some of which Ulanowski challenges. We review challenges to the facts and the application of the rules to the facts for clear error. *See*

---

ment); *In re De Rycke*, 707 N.W.2d 370, 374 (Minn.2006) (disbarring attorney for failing to inform client of plea offer, among other violations); *In re Fuller*, 621 N.W.2d 460, 466 (Minn.2001) (suspending attorney indefinitely for improper withdrawal, among other violations); *In re Hawkins*, 502 N.W.2d 770, 771 (Minn.1993) (publicly reprimanding attorney for failing to follow court rules and lack of writing skills).

**17.** *Nelson*, 733 N.W.2d at 461 (stating an attorney was admonished for improperly threatening "criminal prosecution to coerce payment in a civil matter"); *In re Williams*, 414 N.W.2d 394, 397–99 (Minn.1987) (reprimanding an attorney for using a racial slur and suspending the attorney for six months for engaging in conduct that had no substantial purpose other than to embarrass, delay, or burden a third person).

**18.** The referee did not make a finding on this issue.

*In re Albrecht,* 779 N.W.2d 530, 535 (Minn. 2010). We conclude that the referee did not clearly err in applying aggravating factors.

### a. Multiple acts over an extended period of time and in multiple matters

■■ Committing multiple acts of misconduct over a long period of time is an aggravating factor. *Rebeau,* 787 N.W.2d at 176 (finding multiple acts occurring over ten years was an aggravating factor). Ulanowski's misconduct occurred over a period of more than three years, involving five different client matters plus his personal marriage dissolution and the disciplinary investigation. Ulanowski does not challenge the referee's conclusion that his multiple acts of misconduct is an aggravating factor.

### b. Multiple acts of intentional misconduct

Intentional misconduct can aggravate a violation of the rules. *See In re Varriano,* 755 N.W.2d 282, 291 (Minn.2008) (stating that violations were aggravated by the intentional misuse of client funds, and intentional frustration of IRS efforts). Ulanowski does not challenge the referee's conclusion that Ulanowski's intentional misconduct is an aggravating factor.

### c. Experience in litigation

We have stated that "[s]ubstantial practice in the law is also an aggravating factor because it is assumed that an experienced attorney has had an opportunity to become familiar with the law." *Fett,* 790 N.W.2d at 851. Ulanowski was admitted to practice law in December 2001, began the full-time practice of law in 2005, and his first act of misconduct in this case occurred in 2007. Ulanowski does not challenge the referee's conclusion that his experience in litigation matters is an aggravating factor.

### d. Misrepresentations

Making misrepresentations can be considered an aggravating factor. *See In re Rudawski,* 710 N.W.2d 264, 268 (Minn. 2006). The referee listed ten misrepresentations made by Ulanowski that aggravated the sanction, and Ulanowski did not challenge the referee's findings on any of these misrepresentations.[19] Therefore, Ulanowski does not challenge the referee's conclusion that making misrepresentations is an aggravating factor.

### e. Refusal to cooperate with the Director's investigation

We have said that "[w]hen noncooperation exists in connection with other misconduct, the noncooperation increases the severity of the disciplinary sanction as an aggravating factor." *Rebeau,* 787 N.W.2d at 174.

Ulanowski asserts that he made a good faith effort to comply, that "most if not all" the information requests have been satisfied, and that the Director made "numerous and voluminous" requests for information, as indicated by the number of pages in the referee's findings of fact to explain the conduct. But Ulanowski never responded to a notice of investigation and complaint within the original deadline, he initially refused to provide responses based on the Director's handling of a complaint lodged by Ulanowski, and attempted to have the assistant director removed from his case. These acts do not indicate a good faith effort to comply with the Director's requests for information. Addi-

---

19. Ulanowski's brief argues that one statement was not actually a misrepresentation and should not be used as an aggravating factor. The statement that Ulanowski challenges, however, is not one of the ten cited by the referee as aggravating factors.

tionally, the Director made "voluminous" requests because, as the referee noted, Ulanowski's lack of responses required the Director to make at least two requests for most pieces of information, and the Director was processing numerous different complaints against Ulanowski. Therefore, the referee's conclusion that Ulanowski's refusal to cooperate with the Director's investigation was an aggravating factor was not clearly erroneous.

### f. Prior disciplinary history

■ An attorney's disciplinary history constitutes an aggravating factor. *Rebeau*, 787 N.W.2d at 176. More severe sanctions are appropriate when the current misconduct is similar to prior misconduct. *In re Overboe*, 745 N.W.2d 852, 867 (Minn.2008). In *In re Albrecht*, 660 N.W.2d 790, 796 (Minn.2003), we concluded that the attorney's prior disciplinary history should have been an aggravating factor, and that instituting procedures to avoid future misconduct does not mitigate past misconduct.

Ulanowski previously received an admonition for violating Rule 16(g), MRPC because he conditioned the return of client materials upon payment of copying charges. Nevertheless, he argues that his prior admonition should not be an aggravating factor, but a mitigating factor, because he (1) offered the evidence of the discipline himself, (2) has not been accused of violating that rule since, and (3) instituted policies to ensure it did not happen again. Assuming that Ulanowski's contentions are true, Ulanowski faces an allegation in this case similar to his past misconduct; namely, he charged a client for copying files, but did not return the original file for more than ten months. Therefore, we conclude that the referee did not clearly err when concluding that Ulanow-

ski's prior disciplinary history was an aggravating factor.

### g. Frivolous attempt to remove assistant director

■ An attorney's frivolous attempt to remove the assistant director from his disciplinary case is an aggravating factor. In *In re Graham*, 453 N.W.2d 313, 325 (Minn. 1990), we stated that an attorney "compounded" his violations by filing a frivolous motion to remove the Director and his assistant not only from his case, but also from office.

Ulanowski argues that his requests to remove the assistant director should not be an aggravating factor because he made no formal motions to have the assistant director removed and because the process was "intensely emotional" for him. Although there were no formal motions made to this effect by Ulanowski, Ulanowski sent several letters making the same request. And, according to the referee, these personal attacks on the assistant director had "no basis in fact." We decline to distinguish *Graham* based solely on whether a request is a formal motion or a letter to the Director. Moreover, the referee was in the best position to note whether the attempts to remove the assistant director should be excused because of an "emotional" process. We conclude that the referee did not clearly err in concluding that Ulanowski's frivolous attempt to remove the assistant director was an aggravating factor.

### h. Failure to acknowledge wrongfulness or express remorse

■ We have said that lack of remorse is an aggravating factor. *Rebeau*, 787 N.W.2d at 176. Ulanowski disagrees with the referee's conclusions that he did not express remorse or acknowledge the wrongfulness of his actions. But there are

numerous instances in which Ulanowski shifts the blame for his actions onto others, including his staff members and the Director's office. Moreover, the referee was in the best position to assess Ulanowski's credibility whenever Ulanowski may have acknowledged wrong-doing, and the referee was able to conclude whether such an acknowledgement was sincere, or was done in conjunction with blaming others. We conclude that the referee's conclusion that Ulanowski's lack of remorse was an aggravating factor was not clearly erroneous.

*Mitigating Factors*

The referee concluded that there were no mitigating factors. Ulanowski only argues that his one previous admonition should be a mitigating factor instead of an aggravating factor. We already addressed this argument. We conclude that the referee's conclusion that there are no mitigating factors is not clearly erroneous.

*Similar Cases*

Finally, we address cases similar to Ulanowski's. In deciding the appropriate sanction, two cases are particularly instructive. The case of *Selmer* involved similar misconduct. *See* 568 N.W.2d at 702. In *Selmer*, we concluded that a 12–month suspension was appropriate when an attorney

> filed a number of claims or counterclaims in separate proceedings alleging racial discrimination; . . . failed to acknowledge the wrongful conduct of asserting claims without a factual basis; and . . . knowingly offered false and misleading evidence in response to discovery requests by failing to supplement incomplete and misleading responses during discovery, by failing to comply with proper discovery requests, by making false statements of fact in attempts to advance his own interests, and by engaging in dishonest conduct.

*Id.* at 702–03. *Selmer* does not present precisely the same facts, but involves similar acts of misconduct. We also concluded that an 18–month suspension was appropriate in *In re Jensen* when an attorney "engaged in misconduct consisting of failing to follow the rules of civil and appellate procedure, pursuing frivolous claims, making misrepresentations in judicial proceedings, and refusing to make court-ordered payments." 542 N.W.2d 627, 628 (Minn. 1996). *Jensen*, however, involved an attorney with a longer and more serious history of disciplinary action that involved the same parties. *See id.* at 628 & n. 1.

Based on the record before us, we conclude that Ulanowski committed serious acts of misconduct, violated multiple rules of professional conduct, and committed multiple acts that aggravate his sanction. Therefore, we order that attorney Lawrence Walter Ulanowski be indefinitely suspended from the practice of law for a minimum of one year, effective 14 days from the date of filing of this opinion. During the suspension, Ulanowski shall not represent himself, his law firm, or family members. Ulanowski shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay costs and disbursements pursuant to Rule 24, RLPR. Ulanowski shall not be reinstated to the practice of law until he has successfully completed the professional responsibility examination, satisfied continuing legal education requirements, and presented proof by clear and convincing evidence that he has undergone moral change, that he is fit to practice law, and that future misconduct is not apt to occur pursuant to Rule 18, RLPR.

Suspended.